OPINION
{¶ 1} Appellant, John Meyers, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee Columbus City Civil Service Commission ("commission") that upheld the decision of appellee, City of Columbus, Division of Police ("division") to terminate appellant's employment with the division. Because (1) the trial court did not err in finding good cause existed for appellant's *Page 2 
termination, and (2) the record discloses no due process or equal protection violations, we affirm.
 {¶ 2} At the time of the incidents leading to appellant's termination, appellant was a lieutenant in the division's vice section. After a sergeant under appellant's command sent letters alleging appellant engaged in improper conduct, the division's internal affairs bureau conducted an investigation. Nineteen allegations were originally considered and, after 38 witnesses were interviewed, six charges containing 13 specifications were ultimately brought against appellant. The six charges asserted appellant: (1) destroyed a videotape allegedly containing evidence, (2) released to appellant's personal attorney a laptop seized during a criminal investigation, (3) issued a verbal order prohibiting the use of an investigative procedure called the "cop test" in direct conflict with the chief of police's order permitting its use, (4) made false statements to internal affairs officers, (5) withheld information relating to the release of the laptop, and (6) improperly communicated with a witness involved in the investigation.
 {¶ 3} The chief of police initially reviewed the charges and conducted a hearing. Representing himself at the hearing, appellant attempted to rebut the charges against him. The chief sustained all charges and specifications, recommending 240 hours suspension, demotion and termination of appellant's employment. The director of public safety then reviewed the case, conducting a two-day hearing that permitted appellant, accompanied by counsel, another opportunity to defend himself against the allegations. Following the hearing, the director upheld the charges and the sanction the chief of police imposed. *Page 3 
 {¶ 4} Appellant appealed the director's decision to the commission. The commission conducted a three-day hearing during which appellant, once again represented by counsel, testified on his own behalf and additionally cross-examined other witnesses. The commission determined appellant committed all six of the alleged violations and found the sanction appropriate.
 {¶ 5} Appellant appealed the commission's decision to the Franklin County Court of Common Pleas. In addressing appellant's contention, the common pleas court found no denial of due process, as appellant was given a meaningful opportunity for administrative and judicial review. Likewise, the court found no equal protection violations, noting the commission considered and properly rejected appellant's allegations of retaliation. The court also concurred with the commission that comparing the discipline that other officers received was not probative, as each case must be judged upon its own circumstances. Concluding the evidence supported the charges against appellant, the common pleas court affirmed the commission's decision, including termination of appellant's employment with the division.
 {¶ 6} Appellant appeals, assigning three errors:
 First Assignment of Error
 The common pleas court erred by failing to apply the correct and legal standard for determining whether good cause existed to terminate Appellant's employment.
 Second Assignment of Error
 The court below erred in affirming Appellant's dismissal because the administrative disciplinary procedure followed by his employer violated his due process rights under the United States and Ohio Constitutions. *Page 4 
 Third Assignment of Error
 The court below erred in affirming Appellant's dismissal because the administrative disciplinary procedure followed by his employer violated his right to equal protection of the law guaranteed by the United States and Ohio Constitutions.
 {¶ 7} R.C. Chapter 2506 governs appeals from decisions of the commission to the common pleas court. Under R.C. 2506.04, the standard of review in the common pleas courts is different from that employed in the court of appeals. Henley v. City of Youngstown Bd. of ZoningAppeals (2000), 90 Ohio St.3d 142, 147. Considering the whole record, the common pleas court must determine whether the administrative decision is unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence. Id. In discharging its obligation, the trial court is required to examine the evidence, weighing it to determine whether a preponderance of substantial, reliable, and probative evidence supports the commission's decision. Id.; Krumm v.Upper Arlington City Council, Franklin App. No. 05AP-802,2006-Ohio-2829, at ¶ 9, citing Dudukovich v. Lorain Housing Auth.
(1979), 58 Ohio St.2d 202, 207. Due deference must be given to the agency's resolution of evidentiary conflicts. Krumm, supra, at ¶ 8, citing Budd Co. v. Mercer (1984), 14 Ohio App.3d 269, paragraph two of the syllabus. The administrative decision is presumed to be valid, placing the burden of persuasion upon the party contesting the decision. Id., citing Klein v. Hamilton Co. Bd. of Zoning Appeals (1998),128 Ohio App.3d 632, 636.
 {¶ 8} In contrast, the court of appeals applies a more limited scope of review. R.C. 2506.04 allows the court of appeals to examine the common pleas court's judgment only on questions of law. The review does not include the extensive power granted to the *Page 5 
common pleas court to weigh the preponderance of substantial, reliable, and probative evidence. Henley, supra, at 147. "The fact that the court of appeals might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or trial court absent the approved criteria for doing so." Lorain City SchoolDist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257,261.
I. First Assignment of Error {¶ 9} In his first assignment of error, appellant contends that, as the result of employing the incorrect legal standard, the common pleas court improperly upheld the commission's determination that just cause existed to terminate appellant's employment. Appellant notes his labor union's collective bargaining agreement with the city precludes termination of his employment until a determination of just cause is made, but the agreement does not define just cause. Relying upon the Ohio Supreme Court's decision in Summit Cty. Children Serv. Bd. v.Communication Workers of Am., Local 4546, 113 Ohio St.3d 291,2007-Ohio-1949, in which the Ohio Supreme Court approved use of the "Daugherty test," appellant maintains the "Daugherty test" should have been applied to determine whether just cause supported his termination from employment.
 {¶ 10} The Daugherty test examines seven factors to determine whether just cause exists for terminating an employee's employment. The test emerged from the decision of arbitrator Carroll Daugherty in Ent. WireCo. (1966), 46 Lab.Arb. Rep. 359, and has been widely adopted in employment termination arbitrations. See Communication Workers, supra, at ¶ 9, and fn. 1 (discussing the development and use of the Daugherty test). Appellant contends application of the Daugherty test would reveal the *Page 6 
error in terminating his employment, and he contends the failure to utilize the test requires reversal of the common pleas court's judgment.
 {¶ 11} Appellant's reliance upon Communication Workers to force application of the Daugherty test in his case is misplaced. Initially,Communication Workers addressed a labor arbitrator's use of the Daugherty test, a procedural variance distinguishing it from appellant's case. Moreover, even if we consider appellant's contentions on their merits, they are not persuasive. While the Ohio Supreme Court inCommunication Workers held that employing the Daugherty test was proper under the circumstances of that case, it also cautioned it did "not suggest that it is the only proper definition [of just cause] or that parties to a CBA are required" to rely upon it. Id. at ¶ 19. Appellant does not explain why, under the circumstances of this case, the commission or the common pleas court should be stripped of its discretion and forced to apply the Daugherty test. Nor do we discern such a reason.
 {¶ 12} Since applying the Daugherty test to determine just cause is discretionary, the commission did not err in failing to employ it in appellant's hearing, and the common pleas court did not abuse its discretion in affirming the commission's decision even though the commission did not apply the Daugherty test. Appellant's first assignment of error is overruled.
II. Second Assignment of Error {¶ 13} Appellant's second assignment of error contends the administrative procedure followed in his case violated his due process rights. Within the assigned error, he argues (1) the commission's failure to apply the Daugherty test deprived him of due process, (2) the flawed investigation into the allegations made against him violated his *Page 7 
due process rights, and (3) the discipline imposed is contrary to the language of the controlling collective bargaining agreement.
 {¶ 14} In the context of terminating the employment of a public employee, "[t]he essential requirements of due process * * * are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." Cleveland Bd. of Edn. v.Loudermill (1985), 470 U.S. 532, 546. "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. Under Loudermill, no due process violation occurred here. Appellant was given notice of the charges against him prior to the hearing the chief of police conducted and for every hearing after it. In addition, he was given the opportunity to respond to the charges during each hearing.
 {¶ 15} Appellant's issues with the investigation and the punishment meted out do not comprise due process violations. Although due process requires that appellant be given the opportunity to point out such concerns, the record reveals that at each hearing appellant in fact stated his concerns with the quality of the investigation. Moreover, at two hearings appellant argued that progressive discipline, rather than termination, was an appropriate remedy; nothing suggests he was prevented from raising the issue at the other hearing. Because appellant's hearings met the procedural requirements, and appellant was able to raise defenses to the allegations against him, he was afforded due process. Appellant's second assignment of error is overruled. *Page 8 
III. Third Assignment of Error {¶ 16} Appellant's third assignment of error contends his equal protection rights were violated because termination of his employment is a punishment more severe than that given to others who committed similar violations. In support of his contention, appellant notes that cases against other officers were dismissed if more than a year passed before the investigation was completed and charges were brought against them. Similarly, he points out charges against other officers were dismissed when those officers passed a private polygraph examination. Since his case extended for over two years, and he passed a private polygraph examination, appellant maintains that equal protection requires his case also be dismissed.
 {¶ 17} Aside from a general citation to the state and federal constitutions, appellant fails to explain how, or cite to authority suggesting, either of his arguments rises to the level of an equal protection violation. Even setting aside the lack of legal authority for his contentions, and ignoring any potential jurisdictional issues, appellant still cannot prevail, as his contentions reduce to an argument that he was not treated fairly.
 {¶ 18} In general, "[a] person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Hill v. Croft, Franklin App. No. 05AP-424, 2005-Ohio-6885, at ¶ 16, quoting Huebschen v. Dept. of Health Social Serv. (C.A.7, 1983), 716 F.2d 1167, 1171. A "class of one," however, may appropriately maintain an equal protection claim where the plaintiff alleges both that the state treated the plaintiff differently from others similarly situated and that no rational basis exists for such difference in treatment. Young v. Mahoning Cty. (N.D.Ohio 2005), *Page 9 418 F.Supp.2d 948, 960, quoting Warren v. City of Athens (C.A.6, 2005),411 F.3d 697, 710. See, e.g., Bower v. Village of Mt. Sterling (C.A.6, 2002), 44 Fed.Appx. 670.
 {¶ 19} A "class of one" plaintiff initially must demonstrate he or she was treated differently from those similarly situated. Young, supra, citing Andreano v. City of Westlake (C.A.6, 2005), 136 Fed.Appx. 865. In denoting those similarly situated, a plaintiff must produce evidence that the relevant comparison employees are similarly situated in all relevant respects. Id. Once a showing of unequal treatment is made, the "class of one" plaintiff next must demonstrate the government action against him lacks a rational basis. A plaintiff carries that burden either by "negating every conceivable basis which might support" the government action or by demonstrating that the challenged government action was motivated by animus or ill-will. Id., citing Warren, supra.
 {¶ 20} To support his claim of unequal treatment, appellant attempted to admit evidence that other officers in similar circumstances received only suspensions or dismissals of the cases against them. Appellant's evidence, however, fell short of demonstrating the requisite relevant comparison, as appellant did not show whether the other officers were of equivalent rank and responsibilities or whether the charges against those officers were as serious and extensive as the charges confronting appellant. See Ciechon v. Chicago (C.A.7, 1982), 686 F.2d 511 (applying "class of one" analysis where two employees were involved in the same emergency run and shared responsibilities, but only one was punished and terminated from employment). Moreover, even had appellant been able to prove he was treated differently from those similarly situated, he failed to demonstrate his termination lacked a rational basis. Appellant did not attempt to negate *Page 10 
every conceivable basis of support for his termination; nor did he prove his termination was motivated by animus or ill-will.
 {¶ 21} Appellant nonetheless claims the charges arose out of his subordinates' personal animosity against him and notes that during the review process the director of public safety was a defendant in an active civil suit appellant brought after he was not promoted. Despite his contentions, appellant offered no evidence the chief of police or the commission terminated his employment because of animus or ill-will toward him. Since appellant has not proven either that he was treated differently from other similarly situated officers or that appellees lacked a rational basis for any difference in treatment, he failed to demonstrate an equal protection violation. See, also, Young, supra, at 959, citing Lauth v. McCollum (C.A.7, 2005), 424 F.3d 631 (finding comparison of punishment ordered for other officers generally not probative of an equal protection claim). Appellant's third assignment of error is overruled.
 {¶ 22} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1