[Cite as *Homewood Corp. v. Dublin*, 2014-Ohio-845.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Homewood Corporation, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 13AP-261 |
| | | (C.P.C. No. 09CVF-07-10631) |
| City of Dublin, Ohio et al., | : | |
| | | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |

### D E C I S I O N

### Rendered on March 6, 2014

*Goldman & Braunstein, LLP, William A. Goldman* and *Michael Braunstein*, **for appellant.**

*Frost Brown Todd LLC, Stephen J. Smith, Jennifer D. Readler* and *Stephen J. Smith*, **for appellees.**

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶1} Appellant, Homewood Corporation ("Homewood"), appeals from a Franklin County Court of Common Pleas decision affirming a decision of the City of Dublin's Planning & Zoning Commission ("Commission"). The Commission had denied Homewood's final development plan application. For the following reasons, we affirm the common pleas court's decision.

{¶2} Homewood sought approval of its final development plan for a 110-unit multi-family development in Subarea 3 of the Northeast Quadrant Planned Unit Development District. The preliminary development plan for this area was approved in 1990. Homewood first submitted its informal application to the Commission in November 2007. After changes were made, Homewood submitted its plan a second time in July 2008. The formal final development plan was submitted on June 18, 2009.

After a hearing and receiving public comments, the Commission denied the final development plan application.

{¶3} Homewood appealed to the Franklin County Court of Common Pleas pursuant to R.C. 2506.04. Homewood presented two arguments to the common pleas court: 1) since the final development plan was drafted within the applicable zoning codes, the Commission should have approved the plan, and 2) that the Commission's use of the Plan Approval Criteria and the Land Use Principles were inappropriate and led to the Commission acting in a legislative capacity rather than an administrative capacity. Appellee responded that the Commission acted in an administrative capacity only and applied the code already in existence.

{¶4} The common pleas court found that the Commission acted in an administrative capacity and that the Commission reviewed Homewood's final development plan within the constraints of the Dublin City Code and the record supported the Commission's determination to deny Homewood's final development plan.

{¶5} Homewood filed a timely notice of appeal to this court, assigning as error the following:

> The trial court erred as a matter of law because it failed to consider the whole record when determining whether there existed a preponderance of reliable, probative, and substantial evidence to support the Commission's decision.

{¶6} In this court, Homewood argues that the common pleas court erred as a matter of law because the common pleas court did not review the entire transcript of proceedings from the June 18, 2009 hearing, and if it had done so, it would have found that a preponderance of the evidence did not support the Commission's decision.

{¶7} R.C. 2506.01(A) provides that every final order of any commission of any political division of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located, as follows:

> Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of

the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

{¶8} R.C. 2506.04 provides the standard of review, as follows:

If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶9} "Although a review under R.C. 2506.04 is not de novo, it often resembles a de novo proceeding because the reviewing court weighs the evidence in the "whole record" in determining whether the administrative decision is supported by the preponderance of substantial, reliable, and probative evidence." *Athenry Shoppers Ltd. v. Planning & Zoning Comm. of Dublin*, 10th Dist. No. 08AP-742, 2009-Ohio-2230, ¶ 16, citing *Dudukovich v. Lorain Metro. Housing Auth.*, 58 Ohio St.2d 202, 206-07 (1979). A court of appeals applies a more limited standard of review than a common pleas court in an appeal pursuant to R.C. 2506.04. A court of appeals does not have the same extensive power to weigh the evidence and the statute permits only a review on questions of law. *Athenry* at ¶ 18.

{¶10} By the assignment of error, Homewood contends that the common pleas court erred as a matter of law because it failed to consider the whole record when it determined that the decision was supported by the preponderance of substantial, reliable, and probative evidence. Homewood argues that the common pleas court did not consider the whole record because it did not consider all the testimony at the June 18, 2009 hearing.

{¶11} The first person to testify at the hearing was Jennifer Rauch, who was employed by the Commission and she presented the planning commission's staff report,

recommending disapproval. The staff of the Commission reviews applications and prepares a report. Rauch testified that the staff's review of the final development plan determined that the reluctance of the applicant to depart from the general theme design and product mix envisioned for the project do not meet the applicable review criteria or the Land Use Principles outlined in the community plan. The staff report provides that the layout of the proposal is incompatible with the character of the area and fails to comply with the review criteria because it (1) fails to provide usable open space and adequate tree preservation measures, (2) there is a repetitive use of large building footprints, (3) the layout is dominated by the vehicle, (4) there is a lack of a pedestrian environment, and (5) there is an abrupt change in neighborhood character. (Tr. 5-7.)

{¶12} Rauch then testified regarding specific issues with the proposal. She stated that the staff concerns were as follows:

{¶13} (1) The design results in a loss of over 2,000 inches of trees, or half of the existing trees because the proposed development pattern features long wide footprints with buildings and driveways spread across the site and it features three large retention ponds. (Tr. 7-8.) A greater variety of building types that cluster would provide a greater number of dwelling units in less space and protect more trees. (Tr. 8.)

{¶14} (2) The three large retention ponds dominate the open space so that there was not much usable open space and the proposed open space did not meet Land Use Principles 2, 3 and 10 because of the lack of relationship between the usable open space and the location of the buildings. (Tr. 8.)

{¶15} (3) Moreover, the poor relationship created between the usable open space and the location of the buildings discouraged a pedestrian environment. (Tr. 9.) The vehicular design of the site, rather than a design focused on pedestrians distinguishes the proposal from the surrounding neighborhood. Also, the safety of pedestrians is an issue based on the design because of the small interrupted sidewalk segments, front-loaded garages and driveways.

{¶16} (4) The staff was concerned that although the facade materials alternate between units, this repetition over 19 buildings prevented the creation of a lasting and high quality neighborhood. (Tr. 10.)

{¶17} (5) Finally, minimal green space and the landscaping and the overall character, including the massing and size of the buildings creates a stark contrast to the

existing open space and single family uses in the existing neighborhood. Thus, the staff concluded that the proposal does not meet Land Use Principles 1, 2, 3, 7 and 10. It is incompatible with the character of the area and fails to comply with the review criteria for approval of a final development plan. (Tr. 12-13.)

{¶18} Ben Hale, Jr., the legal representation for the applicant testified next. He gave a brief history of the project. Hale also indicated that the proposal deviated from the approved architecture plan. Hale discussed the fact that Homewood hired one of the foremost demographers on multi-family sites to study the site in June 2008. The demographer rated the site the highest rated development in the area therefore, Homewood believes the proposal meets the standards. (Tr. 19.) He stated that Homewood is not required to follow the community plan because it was not codified. (Tr. 25, June 18, 2009 hearing.) He stated that Homewood is only required to meet the text of the Planned Unit Development ("PUD"). (Tr. 21.)

{¶19} The architect for the project, Randall Woodings, also testified. Woodings stated that he worked with the civic associations to create a workable plan. (Tr. 27-28.) Homewood also tried to accommodate the Commission. (Tr. 29.) Homewood made changes to the plan regarding the density, the tree loss, different styles of units, some individual architecture, including different garage doors and front doors, four-sided architecture and deeper roofs. (Tr. 31-34.) Woodings testified that Homewood took the comments and attempted to change the proposal to accommodate the concerns. (Tr. 36.)

{¶20} Brett Page, a neighbor, testified that the neighbors' main concerns involved the density of the units and that the character of the proposal was not similar to the surrounding areas. The proposed buildings are too tall and massive and different from the residential feel already established in the neighborhood. (Tr. 43-45.) Page discussed that Homewood had been working with the neighbors to resolve their differences.

{¶21} Another neighbor, Gerry Kosicki, testified. Kosicki agreed with the staff evaluation and urged the Commission to reject the proposal because the proposal did not harmonize with the surrounding single family neighborhood and it did not adhere to the various Land Use Principles. (Tr. 48-49.)

{¶22} The final testimony was from Barbara Bhattacharya, another neighbor. Bhattacharya testified regarding the need to make the proposal more environmentally friendly. She suggested the addition to the proposal of more native plants and rain gardens and the removal of invasive plants.

{¶23} Following this testimony, the Commission members discussed their individual concerns regarding the proposal. At the hearing on June 18, 2009, the Commission was tasked with determining whether to grant or deny Homewood's final development plan. The Commission concluded that Homewood's final development plan did not conform with 153.055(B)(2), (4), (7) and (10) of the Dublin City Code. The Dublin City Code Section 153.055(B) sets forth the criteria for the Commission to review a proposed final development plan. It provides, as follows:

> (B) *Final development plan.* In the review of proposed planned developments, the Planning and Zoning Commission shall determine whether or not the proposed development, as depicted on the final development plan, complies with the following:
>
> (1) The plan conforms in all pertinent respects to the approved preliminary development provided however, that the Planning and Zoning Commission may authorize plans as specified in § 153.053(E)(4);
>
> (2) Adequate provision is made for safe and efficient pedestrian and vehicular circulation within the site and to adjacent property;
>
> (3) The development has adequate public services and open spaces;
>
> (4) The development preserves and is sensitive to the natural characteristics of the site in a manner that complies with the applicable regulations set forth in this code;
>
> (5) The development provides adequate lighting for safe and convenient use of the streets, walkways, driveways, and parking areas without unnecessarily spilling or emitting light onto adjacent properties or the general vicinity;
>
> (6) The proposed signs, as indicated on the submitted sign plan, will be coordinated within the PUD and with adjacent development; are of an appropriate size, scale, and design in relationship with the principal building, site and

surroundings; and are located so as to maintain safe and orderly pedestrian and vehicular circulation;

(7) The landscape plan will adequately enhance the principal building and site; maintain existing trees to the extent possible; buffer adjacent incompatible uses; break up large expanses of pavement with natural material; and provide appropriate plant materials for the buildings, site and climate;

(8) Adequate provision is made for storm drainage within and through the site which complies with the applicable regulations in this code and any other design criteria established by the city or any other governmental entity which may have jurisdiction over such matters;

(9) If the project is to be carried out in progressive stages, each stage shall be so planned that the foregoing conditions are complied with at the completion of each stage;

(10) The Commission believes the project to be in compliance with all other local, state and federal laws and regulations.

{¶24} The common pleas court was required to weigh the evidence in the record to determine whether there was a preponderance of substantial, reliable and probative evidence to support the Commission's decision. Homewood argues that the common pleas court did not weigh the testimony of Hale and Woodings against Rauch's testimony. Hale argued that Homewood's proposal met the standards for the Commission's approval. However, the testimony demonstrates that Hale argued that Homewood's proposal meets the text of the PUD, but did not need to meet the community plan. His testimony did not directly address any of the concerns of any of the witnesses against the proposal. Woodings' testimony, similarly, did not address any of the current concerns of those testifying and the Commission, but attempted to explain the changes Homewood had already made to the proposal in response to the civic associations and the Commission. However, neither testified that the proposal does meet the criteria of Dublin City Code 153.055(B).

{¶25} There were four other witnesses that testified recommending denial of the proposal. Rausch gave the most detailed testimony explaining how the proposal did not meet the code. But, Page also testified regarding the character of the proposal was not

similar to the surrounding areas because the proposed buildings are too tall and massive and different from the residential feel already established in the neighborhood.  Kosicki, testified in opposition to the proposal stating that the staff evaluation of the proposal was correct.  He urged the Commission to reject the proposal because it did not harmonize with the surrounding single family neighborhood and it did not adhere to the various Land Use Principles.  Finally, Bhattacharya testified regarding the proposal's need to be more environmentally friendly with the addition of more native plants and rain gardens and the removal of invasive plants.

{¶26}  Given all this testimony, the common pleas court did not err in finding that there was a preponderance of substantial, reliable, and probative evidence to support the Commission's denial of Homewood's proposal.  The common pleas court based its decision on the record before it.  Merely because the common pleas court did not detail the entire testimony presented, does not support Homewood's argument that the common pleas court did not weigh the entire record, nor that the record does not support the Commission's decision.  Homewood's assignment of error is overruled.

{¶27}  For the foregoing reasons, Homewood's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and TYACK, J., concur.

T. BRYANT, J., retired, of the Third Appellate District assigned to active duty under the authority of Article IV, Section 6(C), Ohio Constitution.