[Cite as *One Neighborhood Condominium Assn. v. Columbus Dept. of Pub. Util., Div. of Water*, 2017-Ohio-4195.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

One Neighborhood Condominium            :
Association,
                                        :
        Plaintiff-Appellant,
                                        :                   No. 16AP-653
v.                                      :                (C.P.C. No. 15CV-5194)

The City of Columbus,                   :
Department of Public Utilities,                         (REGULAR CALENDAR)
Division of Water,                      :

        Defendant-Appellee.             :

D E C I S I O N

Rendered on June 8, 2017

**On Brief:** *Brunner Quinn*, and *Rick L. Brunner*, for appellant. **Argued:** *Rick L. Brunner*.

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, *Westley Phillips* and *Sarah L. Harrell*, for appellee. **Argued:** *Westley Phillips*.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Appellant, One Neighborhood Condominium Association ("One Neighborhood"), appeals from the September 16, 2016 decision and entry of the Franklin County Court of Common Pleas affirming the decision of appellee, City of Columbus, Department of Public Utilities ("city"), denying One Neighborhood's request for a water bill adjustment. For the reasons that follow, we affirm the judgment of the court of common pleas.

{¶ 2} One Neighborhood is a condominium complex located between N. 4th Street and N. 5th Street and bordered by Gay Street in downtown Columbus, Ohio. The case arises from an exceptionally large water bill One Neighborhood received for the

months of May, June, and July of 2014.  One Neighborhood disputed the charges and requested a hearing to contest the billing.

{¶ 3}  Art Curatti, Management Analyst II, for the city, presided over the hearing on March 9, 2015.  Curatti issued a written decision on April 3, 2015.  Curatti made the following findings in his letter:

> It was really never determined whether or not the irrigation system was connected to both water lines for these addresses; but the spikes and drops in consumption began at the same time for both 56 N. 4th Street and 81 N. 5th Street. There were no disputes of how much water went through the meter.  The question still remains why the consumption was so high for those three months.  One Neighborhood Condominium Association could not explain to me what happened out at this property and the Division of Water could not provide an explanation of what took place either.
>
> The plumbing and service lines are the property owner's responsibility; and in this case, the cause of the spikes and drops in consumption was never determined.
>
> Your requests for these adjustments are denied and the balance of your water bills must stand.

 (Apr. 3, 2015 letter from Curatti to One Neighborhood.)

{¶ 4}  Upon receipt of the Curatti letter, One Neighborhood wrote to the city requesting the issuance of a final appealable order from the Administrator of the Division of Water or in the alternative to consider One Neighborhood's letter as a notice of appeal from the April 3, 2015 Curatti letter.  On May 20, 2015, Richard C. Westerfield, Administrator of the Division of Water wrote to counsel for One Neighborhood stating that he adopted Currati's decision in the matter, and that the May 20, 2015 letter constituted a final appealable order of the city.  (May 20, 2015 letter from Westerfield to One Neighborhood.)  The letter also stated that the order was appealable under R.C. Chapter 2506. *Id.*

{¶ 5}  One Neighborhood then filed a notice of appeal from the May 20, 2015 decision to the Franklin County Court of Common Pleas pursuant to R.C. 2506.01.  The transcript of proceedings was filed with the court on August 11, 2015, as well as an agreed

correction to the record on August 17, 2015. On August 26, 2015, One Neighborhood filed an affidavit pursuant to R.C. 2506.03(A)(2) and (5) claiming deficiencies in the record and seeking to admit additional evidence. The same day, the city filed a motion to strike the affidavit.

{¶ 6} After reviewing the entire certified record and the affidavit submitted by Andrew Wall, the court of common pleas denied One Neighborhood's request for a hearing in common pleas court. It found that One Neighborhood received adequate due process in the hearing. The court found there was evidence in the record of an underground leak on the property in the irrigation system. The court noted that One Neighborhood had the irrigation system shut off after receiving the high bill at issue in this case. The court noted that representatives of One Neighborhood then replaced six feet of line in the irrigation system. The court found that the meters at issue in the matter were functioning properly based on the testimony of One Neighborhood's expert, Steven West, and Mark Bowen, supervisor of commercial meter repair for the city, who testified that a new meter was installed on March 20, 2014, and that the meter always tested accurately. The court noted that One Neighborhood was unable to say how many units were in the properties or how many tenants resided there. Thus, the court found that there was no way to monitor or substantiate the interior and exterior usage of the tenants.

{¶ 7} Based upon its review of the evidence, the common pleas court found that the decision of the Division of Water was supported by a preponderance of the substantial, reliable, and probative evidence in the record and affirmed the decision to deny the request for an adjustment of the water bill.

{¶ 8} One Neighborhood appealed from the judgment of the court of common pleas, pursuant to R.C. 2506.04, assigning the following as error:

> [I.] The trial court erred as a matter of law in applying *Krumm v. Upper Arlington City COuncil*, Franklin App. No. 05AP-802, 2006 Ohio 2829, concerning zoning appeals, in determining its standard of review and holding that the City of Columbus, Department of Public Utilities, Division of Water's decision must be presumed to be valid, because utility service such as water service is inherently deemed under the law to be subject to constitutional protections, much different from land use zoning determinations.

[II.] The trial court erred in finding as a matter of law that submitting a form for the investigation of a leak to the City of Columbus, Department of Public Utilities, Division of Water, that could lead to an examination of charges for sewage services but not water services, was relevant to a review of the Division's determination under R.C. 2506.04.

[III.] The trial court erred as a matter of law in determining that document from the administrator of the City of Columbus, Department of Public Utilities, Division of Water that included language that it was a "final order" and that set forth a statement of R.C. 2506 appeal rights, was only a "courtesy" and that the final appealable order under R.C. 2506.01 and 2506.04 was a prior letter from the Division's hearing officer that did not express finality or include any statement of appeal rights.

[IV.] The trial court abused its discretion and erred as a matter of law in denying the presentation of additional evidence pursuant to R.C. 2506.03 in the form of an affidavit of Andrew Wall when it found it "totally lacking" yet failed to rule on Appellee's motion to strike it.

[V.] The trial court erred as a matter of law in failing to apply the standard of review found in R.C. 2506.04 when it affirmed the decision and final order of the City of Columbus, Department of Public Utilities, Division of Water.

{¶ 9}   In its first assignment of error, One Neighborhood contends that the court of common pleas applied the wrong standard of review.  The trial court cited *Krumm v. Upper Arlington City Council*, 10th Dist. No. 05AP-802, 2006-Ohio-2829, for the proposition that the court of common pleas "must give due deference to the agency's resolution of evidentiary conflicts," and that "[a] [zoning] board's decision * * * is presumed to be valid, and the burden is upon the party contesting the board's determination to prove otherwise."

{¶ 10} One Neighborhood argues that the standard set forth in *Krumm* is limited to zoning board appeals, and that a different standard applies to an appeal from a decision of the Division of Water for the city of Columbus.  One Neighborhood asserts that it has a property interest in receiving water service and is therefore entitled to certain due process protections.

{¶ 11} R.C. 2506.04 sets forth the roles of the common pleas and appellate courts in reviewing administrative decisions. That provision provides, in relevant part, as follows:

> [T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause * * *. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶ 12} In reviewing the action of the city pursuant to R.C. Chapter 2506, the court of common pleas is required to examine the entire record, weighing the evidence to determine whether a preponderance of substantial, reliable, and probative evidence supports the commission's decision. *Meyers v. Columbus*, 10th Dist. No. 07AP-958, 2008-Ohio-3521, ¶ 7. The court of common pleas should not substitute its judgment for that of an administrative board or agency unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the decision. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). In *Kisil*, the Supreme Court of Ohio was dealing with an appeal from a decision of a zoning board, but spoke generally about the standard of review prescribed by R.C. 2506.04. The court went on to state that " 'the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. * * * However, the findings of the agency are by no means conclusive.' " *Id.* at 35, quoting *Univ. of Cincinnati v. Conrad,* 63 Ohio St.2d 108, 111 (1980).

{¶ 13} Moreover, it is the party contesting a decision in an appeal under R.C. 2506.04 that bears the burden of showing that the decision is erroneous. *Meyers* at ¶ 7; *Akron City Sch. Dist. Bd. of Edn. v. Civil Serv. Comm.*, 9th Dist. No. 26026, 2012-Ohio-1618, ¶ 7.

{¶ 14} The court of appeals' role in R.C. 2506.04 appeals is limited to reviewing questions of law, which the court reviews de novo, and determining whether the court of

common pleas abused its discretion in applying the law.  In *Kisil* at fn. 4, the court stated that R.C. Chapter 2506 "grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court."

{¶ 15}  Based on our review of the applicable standard of review for appeals from a final order, adjudication, or decision of a political subdivision, the common pleas court did not apply the wrong standard of review.  The first assignment of error is overruled.

{¶ 16}  In its second assignment of error, One Neighborhood argues that the court of common pleas erred in finding the failure to submit a leak investigation form was relevant to the review of the decision by the city.  One Neighborhood contends that submission of such a form would not have led to a lowered water bill because submission of this form does not affect water rates, only sewer rates.

{¶ 17}  In summarizing the evidence that was presented at the hearing, the common pleas court stated that One Neighborhood never submitted a leak investigation form to the city as requested in a conversation between One Neighborhood's property manager and the division of water.  (Sept. 16, 2016 Decision and Entry Affirming the Decision of the city of Columbus at 2.)  The common pleas court found that "[One Neighborhood's] failure to submit a leak investigation form to [the city] as requested resulted in the fact that no inspection of the leak was done by [the city]."  *Id.* at 9.

{¶ 18}  The common pleas court did not find that the failure to submit a leak investigation form was a determining factor in its decision. Rather, the court simply noted the fact that no leak inspection was ever conducted by the city because One Neighborhood never requested one.

{¶ 19}  Curatti found that:   "The question still remains why the consumption was so high for those three months.  One Neighborhood Condominium Association could not explain to me what happened out at this property and the Division of Water could not provide an explanation of what took place either."  (Apr. 3, 2015 letter from Curatti to One Neighborhood.) The fact that no leak inspection was conducted merely corroborates the

finding of Curatti that no one could explain what happened at the property to result in such a large water bill. There was no error of law by the court of common pleas in noting this fact.

{¶ 20} The second assignment of error is overruled.

{¶ 21} In its third assignment of error, One Neighborhood asserts that the trial court erred in determining that the April 3, 2015 Curatti letter was a final order and the May 20, 2015 letter from the Administrator of the Division of Water was a courtesy to One Neighborhood.

{¶ 22} The hearing officer informed the parties that they would receive a letter indicating his final decision and that, if they were not happy with that decision, they had a right to appeal it in court. After receiving the Curatti letter, One Neighborhood requested another order from the division of water, and the division complied with the request by issuing the May 20, 2015 letter adopting the decision of Curatti.

{¶ 23} Regardless of which letter served as a final order, One Neighborhood timely appealed from both decisions. The Administrator of the Division of Water adopted the Curatti letter, including its findings of fact. The court of common pleas found that this was done as a courtesy after One Neighborhood requested such an order. One Neighborhood cannot complain about the letter that was issued by the Administrator of the Division of Water after One Neighborhood was the party who asked the city to provide the response. One Neighborhood has demonstrated no prejudice by the city's responding to the request for a letter from the administrator by issuing a letter adopting the decision of Curatti.

{¶ 24} The third assignment of error is overruled.

{¶ 25} In its fourth assignment of error, One Neighborhood argues that the court of common pleas erred in denying its request to present additional evidence in the form of the affidavit of Andrew Wall.

{¶ 26} One Neighborhood filed an affidavit with accompanying exhibits on August 26, 2015 in conjunction with its appellate brief before the court of common pleas. One Neighborhood asserted that the additional evidence was necessary because the Administrator of the Division of Water did not have the transcript of the proceedings to review when he made the decision to adopt the Curatti decision. The Wall affidavit

consisted largely of additional argument and characterization of the evidence that was submitted at the hearing.

{¶ 27} The city filed a motion to strike the affidavit asserting there were no deficiencies in the record since a transcript of the hearing and additional items including exhibits were also filed with the court of common pleas.

{¶ 28} The court of common pleas never explicitly ruled on the motion to strike. Rather, in its decision and entry affirming the decision of the city, the court stated that it was not going to grant an additional hearing before the court because it had reviewed the affidavit filed by Wall, and found it to be lacking. (Decision at 7.)

{¶ 29} A common pleas court may consider additional evidence in an administrative appeal if any of the circumstances in R.C. 2506.03(A)(1) to (5) applies. *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 403, 2002-Ohio-4906, ¶ 13.

{¶ 30} R.C. 2506.03 provides, in relevant part:

> (A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
>
> (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.
>
> (2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision , and to do any of the following:
>
> (a) Present the appellant's position, arguments, and contentions;
>
> (b) Offer and examine witnesses and present evidence in support;
>
> (c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

(3) The testimony adduced was not given under oath.

(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision .

(B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party.

{¶ 31} Here, One Neighborhood appeared at the hearing with counsel, examined witnesses, presented evidence, made arguments, and had a full opportunity to present its case. There was no evidence in the record that One Neighborhood was prevented from presenting its case before the hearing officer. Additionally, the court of common pleas did review and consider the affidavit of Wall. It determined that an additional hearing was not necessary since One Neighborhood had a full opportunity to present its case. The court did not find the affidavit persuasive or sufficient to establish the need for an additional hearing. Procedural due process, notice and a right to be heard were satisfied.

{¶ 32} The fourth assignment of error is overruled.

{¶ 33} In its final assignment of error, One Neighborhood argues the court of common pleas applied the wrong standard of review when it made factual findings that differed from those of Curatti. One Neighborhood argues that the court of common pleas,

acting as an appellate court, drew conclusions from the whole record and found different facts than the Division of Water. In so doing, One Neighborhood contends it went beyond its jurisdiction and abused its discretion.

{¶ 34} The court of common pleas is charged with reviewing the record and engaging in a limited weighing of the evidence to determine if there exists a preponderance of reliable, probative, and substantial evidence to support the city's decision. *Meyers* at ¶ 7.

{¶ 35} Here, the primary factual issue was with the finding by Curatti that "[t]here were no disputes of how much water went through the meter." (Curatti letter.) One Neighborhood contrasts this with the expert opinion of Steven S. West of American Leak Detection, who opined: "It is our opinion that the high water bills are not due to a leak or consumption through the meter." (Sept. 9, 2014 letter from Steven S. West.)

{¶ 36} The court of common pleas stated that:

> The meters at issue in this case were functioning properly. This proper functioning is supported by West's testimony and the testimony of Mark Bowen who stated that a new meter was installed on March 20, 2014, and that the meter always tested accurate.

(Decision and Entry at 9.)

{¶ 37} We have reviewed the transcript of the proceedings and note the following:

> MR. WEST: So you're saying that your test confirmed what I found?
>
> MR. BOWEN: Yeah. That the meter always did test accurate.
>
> MR. WEST: Yeah, Yeah. And my delta was less than 15 percent.

(Tr. at 56-57.)

{¶ 38} The court of common pleas found reliable, probative, and substantial evidence from both parties that the meters were functioning properly. Therefore, it was reasonable to infer from that evidence that the water passed through the meter in the amounts reflected on the bill.

{¶ 39} We can find no abuse of discretion in the trial court's review of the evidence.

{¶ 40} The fifth assignment of error is overruled.

{¶ 41} Based on the foregoing, the five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT & LUPER SCHUSTER JJ., concur.

————————————