[Cite as *Cox v. Columbus Dept. of Bldg. & Zoning*, 2025-Ohio-1472.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Louise R. Cox, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-296 |
| v. | : | (C.P.C. No. 23CV-7373) |
| City of Columbus Department of Building and Zoning et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 24, 2025

**On brief:** *The Behal Law Group LLC* and *John M. Gonzales,* for appellant. **Argued:** *John M. Gonzales.*

**On brief:** *Zachary M. Klein,* City Attorney, *Lara N. Baker-Morrish* and *Joshua M. Cartee,* for appellees. **Argued:** *Joshua M. Cartee.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Louise R. Cox, appeals the decision of the Franklin County Court of Common Pleas affirming the defendants-appellees, City of Columbus' ("the City") adjudication order granting variances to the city zoning code and permitting the building of a detached garage on a vacant lot next to Cox's home. The owner of the vacant lot, nonparty Stephen Bollinger, had requested variances to build the garage as the R-3 District does not normally permit a garage as a principal use. The adjudication order authorized construction of a detached garage on the vacant lot, which was located across the street from Bollinger's house at 299 Walhalla Road. Bollinger's variance application indicated that he was renovating the home on his primary lot, that the garage exiting from the primary lot needed to be demolished as part of those renovations, and that a new garage

could not be built on the primary lot because it was inconsistent with the renovations and the geothermal system being installed. He indicated that the variance allowing the construction of a detached garage on the vacant lot would alleviate the hardship he was facing as a result of the renovations.

{¶ 2} Cox owns the property adjacent to the vacant lot, and complained that the garage would not be compatible with the character of the area, was too close to her property line, and would block the site line for drivers negotiating the adjacent narrow alley. Notwithstanding her concerns, the Clintonville Area Commission unanimously recommended approving the requested variances, the Department of Building and Zoning Services accepted the Commission's recommendation, and the City Council approved the variances on September 18, 2023.

{¶ 3} Cox filed a timely appeal of the adjudication order to the Franklin County Court of Common Pleas on October 16, 2023, arguing that the order was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." (Notice of Appeal from An Administrative Order No. CV23-045 at 1.) Her brief to the trial court asserted that there was "no hardship associated with the vacant lot to support a variance," (Appellant's Trial Brief at 3), and that the decision to approve the variances failed the "practical difficulties" test set forth in *Duncan v. Village of Middlefield*, 23 Ohio St.3d 83 (1986). *Id.* at 5-6. But the trial court concluded that based on its standard of review under R.C. 2506.04, the decision to grant the variances was "supported by the preponderance of substantial, reliable, and probative evidence. . . . [Cox] did not advance credible evidence that the City failed to properly perform its duties. Nor was there evidence that it acted unlawfully. . . . [The decision] was supported by a preponderance of the evidence in the record, and was not unconstitutional, illegal, arbitrary, capricious, or unreasonable." (Apr. 8, 2024 Decision & Entry at 5-6.) This appeal followed, and Cox asserts a single assignment of error:

> The Trial Court erred by Affirming the City of Columbus'
> Adjudication Order allowing numerous zoning variances.

In response, the City filed a combined motion to dismiss and merit brief, arguing that the "case is moot because construction on the Garage Lot has been completed and Appellant sought neither a stay of the City Council Decision nor an injunction against construction on

the Garage Lot." (Combined Mot. to Dismiss and Merit Brief of Appellees' at 14.) The City supported its mootness argument with photographs and affidavits from Bollinger and the Chief Building Official for the City of Columbus Department of Building and Zoning Services. *See id.* at Appendix, Ex. A (Aff. of Stephen J. Bollinger, Jr.) and Ex. B (Aff. of Amit B. Ghosh.) The City proceeded to argue that even if the case is not moot, the trial court's judgment was correct because the City's decision was "supported by a preponderance of substantial, reliable, and probative evidence" and is "not unconstitutional, illegal, arbitrary, capricious, or unreasonable." (Combined Mot. to Dismiss and Merit Brief of Appellees at 17.)

{¶ 4} We begin our analysis by observing that final orders of local administrative agencies, boards, and commissions may properly be appealed to the court of common pleas. *See* R.C. 2506.01(A). R.C. 2506.04 provides:

> If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.

R.C. 2506.04. This court has observed that "a review under R.C. 2506.04 is not de novo, [but] it often resembles a de novo proceeding because the reviewing court weighs the evidence in the 'whole record' in determining whether the administrative decision is supported by the preponderance of substantial, reliable, and probative evidence." *Homewood Corp. v. Dublin*, 2014-Ohio-845, ¶ 9 (10th Dist.), citing *Dudukovich v. Lorain Metro. Housing Auth.*, 58 Ohio St.2d 202, 206-207 (1979). But we have also held that the "court of common pleas should not substitute its judgment for that of an administrative board or agency unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the decision." *One Neighborhood Condominium Assn. v. Columbus*, 2017-Ohio-4195, ¶ 12 (10th Dist.), citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). While "the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts . . . the findings of the

agency are by no means conclusive." (Internal quotations omitted). *Id.* Moreover, the party contesting a decision in an appeal under R.C. 2506.04 has the burden of showing that the underlying decision is erroneous. *One Neighborhood* at ¶ 13, citing *Meyers v. Columbus*, 2008-Ohio-3521, ¶ 7 (10th Dist.). And finally, R.C. 2506.04 limits this court's review of trial court appeals on zoning decisions to "questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2506.04. Accordingly, while "R.C. 2506.04 gives the common pleas court the authority to weigh the evidence, but the statute grants a more limited power to an appellate court to review the judgment of the common pleas court only on questions of law." (Internal citations and quotations omitted). *Ingram v. Bexley*, 2015-Ohio-1011, ¶ 7 (10th Dist.). The statute "does not give an appellate court the same power to weigh the preponderance of substantial, reliable, and probative evidence which the common pleas court has," *id.*, and for this reason our review is limited to whether the trial court erred in its legal analysis of the zoning appeal.

{¶ 5} But prior to even addressing that limited question, we must first determine whether the City is correct in arguing that this appeal is moot. "As a general rule, courts will not resolve issues that are moot." *Redmon v. City Council of Columbus*, 2006-Ohio-2199, ¶ 5 (10th Dist.). A case is moot when a court is not able to award a plaintiff or appellant the relief sought, even if the case is decided in favor of the plaintiff or appellant. *See, e.g.*, *State ex rel. Wood v. Rocky River*, 2021-Ohio-3313, ¶ 13. " '[T]he courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question.' " *Nextel W. Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 2004-Ohio-2943, ¶ 10 (10th Dist.), quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist. 1991). In *Nextel*, we held:

> [W]here an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot. Here, the Board of Zoning Appeals did not obtain or even file an application for a stay of the trial court's decision vis-a-vis the construction of the tower prior to the completion of the telecommunications tower. Nextel acted in compliance with the trial court's May 31, 2001 decision, which found that the Board of Zoning Appeals was without jurisdiction to require a conditional use permit in this case, and pursued its interests by constructing the telecommunications

> tower. Even though the submitted affidavits are conflicting with respect to when any supplementary "facilities" to the tower were completed, this conflict does not preclude our dismissal of this case. Considering the facts of this case, we conclude that the mootness doctrine applies.

(Internal citation omitted.)  *Id*. at ¶ 13. *See also Haueisen v. Worthington*, 2019-Ohio-5085, ¶ 17-21 (10th Dist.) (holding that trial court did not err in dismissing R.C. 2506.04 zoning appeal as moot, when the appellant failed to obtain a stay of the decision permitting construction to proceed and when construction of the subject property was "substantially complete").

{¶ 6}  At oral argument, despite her arguments that the City erred by abandoning the comprehensive plan and authorize the variance to build the garage on a vacant lot in this case, Cox's counsel conceded at oral argument that the garage had already been built in this case. (*See* Nov. 14, 2024 Oral Argument in No. 24AP-296 at 2:12 et seq.) Cox argues that the case is not moot because R.C. 713.13 provides her an injunctive remedy that would allow removal of the garage, but she has already forfeited that remedy, at least in this action, by failing to seek a stay of the zoning decision or a separate injunction preventing its construction.  She also suggests that she may be entitled to damages for the presence of the garage, but of course such damages cannot be awarded in this case, which is simply an administrative appeal of the City Council's action.  Finally, she argues that the case is not moot because it is capable of repetition yet evading review, but that exception to mootness "applies only in exceptional circumstances, when these two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Craig v. Gilchrist*, 2022-Ohio-4477, ¶ 10 (10th Dist.), quoting *State ex rel. Burkons v. Beachwood*, 2022-Ohio-748, ¶ 17. Cox has not demonstrated that she has reasonable expectation that the City would grant another variance to permit another garage to be built that would cause her the harm, and therefore she has not shown that the case is "capable of repetition."

{¶ 7}  We conclude that Cox's failure to seek a stay or prevent the construction of the garage has rendered any harm she suffered because of the variance moot.  Based on *Nextel* and *Hauesien*, the City is correct, and there is no relief we can grant in this action

that would alleviate Cox's claimed harm. Accordingly, we grant the City's motion to dismiss.

*Motion granted*;
*appeal dismissed.*

DORRIAN and BOGGS, JJ., concur.

_____