[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peoples v. O'Shaughnessy*, Slip Opinion No. 2021-Ohio-1572.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1572

THE STATE EX REL. PEOPLES, APPELLANT, *v*. O'SHAUGHNESSY, CLERK, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peoples v. O'Shaughnessy*, Slip Opinion No. 2021-Ohio-1572.]

*Mandamus—R.C. 2953.13—There is no justification for granting a writ of mandamus to compel an inmate's transfer to county jail when the trial court is ordered to issue an amended judgment entry on remand to correct a sentencing error and there will be no resentencing hearing—Compliance with R.C. 2953.13 will not compel a vain act —Court of appeals' dismissal of writ affirmed.*

(No. 2020-1142—Submitted March 2, 2021—Decided May 6, 2021.)

APPEAL from the Court of Appeals for Mahoning County, No. 19 MA 0072, 2020-Ohio-4432.

_____

**Per Curiam.**

{¶ 1} Appellant, David A. Peoples, appeals the judgment of the Seventh District Court of Appeals dismissing his complaint for a writ of mandamus to compel officials to transfer him from the Northeast Ohio Correctional Center ("NEOCC") to the Franklin County jail. We affirm.

**Background**

{¶ 2} In June 2002, Peoples was convicted in the Franklin County Court of Common Pleas of aggravated murder and two accompanying firearm specifications. *See State v. Peoples*, 10th Dist. Franklin No. 02AP-945, 2003-Ohio-4680, ¶ 1. He received an aggregate prison sentence of 34 years to life, which included a six-year term for an R.C. 2941.146 firearm specification (discharging a firearm from a motor vehicle). *Id.* at ¶ 2. The Tenth District Court of Appeals affirmed his convictions and sentences on direct appeal. *Id.* at ¶ 60.

{¶ 3} In 2017, Peoples filed a motion to vacate his sentence. The trial court denied the motion, but on May 30, 2019, the Tenth District reversed because the maximum term for the drive-by specification was five years, not six years as the trial court had imposed. *State v. Peoples*, 10th Dist. Franklin No. 18AP-850, 2019-Ohio-2141, ¶ 8, 11-13. The court of appeals remanded the case to the trial court "with instructions to vacate Peoples' six-year sentence on the R.C. 2941.146 firearm specification and resentence Peoples to the statutorily mandated five-year term for that specification." *Id.* at ¶ 15.

{¶ 4} R.C. 2953.13 provides that when a defendant is incarcerated at a state correctional institution, if the defendant's case is remanded to the trial court for any reason, the clerk of courts is required to certify the remand to the warden. Upon receipt of that certification, "the warden shall forthwith cause the defendant to be conveyed to the jail of the county in which the defendant was convicted, and committed to the custody of the sheriff of that county." *Id.*

{¶ 5} Here, however, on June 10, 2019, before the clerk of courts certified the Tenth District's remand order to the warden, the trial court issued an amended

2

judgment entry that changed Peoples's sentence for the drive-by specification from six years to five years. *State v. Peoples*, Franklin C.P. No. 01CR07-4150 (June 10, 2019).

{¶ 6} In July 2019, Peoples commenced this original action in the Seventh District Court of Appeals against appellees, Franklin County Clerk of Courts Maryellen O'Shaughnessy, NEOCC Warden Christopher LaRose, and Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith. Peoples sought writs of mandamus to compel their compliance with R.C. 2953.13. Specifically, he asked the court to compel O'Shaughnessy to certify the remand order to LaRose and to compel LaRose and Chambers-Smith to transfer him to the custody of the Franklin County sheriff upon receipt of O'Shaughnessy's certification.

{¶ 7} O'Shaughnessy, LaRose, and Chambers-Smith each filed motions to dismiss Peoples's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. In response to O'Shaughnessy's motion, Peoples agreed that she had issued the statutory certification in July 2019 and should therefore be dismissed from the claim.

{¶ 8} The Seventh District dismissed Peoples's complaint in its entirety as moot. 2020-Ohio-4432, ¶ 9, 15, 18-19. First, the court noted that O'Shaughnessy had already fulfilled her statutory duty by sending a certified copy of the Tenth District's decision to the appropriate parties, and thus there was no further action to compel from her. *Id.* at ¶ 9. Further, the court observed that (1) the Tenth District's remand order contained specific instructions to the trial court to amend the judgment entry regarding Peoples's sentence, but the order did not include any reference to a resentencing hearing or any other proceeding that would have required Peoples's transfer to the Franklin County jail, and (2) the trial court had entered an amended judgment entry as instructed. *Id.* at ¶ 10-13. The Seventh

District therefore concluded that any transfer of Peoples from NEOCC to the Franklin County jail would have been a vain act.

{¶ 9} Peoples appealed.

## Legal analysis

{¶ 10} To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can "prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in [the relator's] favor." *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). This court reviews de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 11} On appeal, Peoples no longer appears to be asserting a claim for relief against O'Shaughnessy and does not dispute the Seventh District's dismissal of his claim against her. His merit brief seeks relief against only LaRose and Chambers-Smith. The court of appeals correctly concluded that LaRose and Chambers-Smith had no duty to convey Peoples to the Franklin County jail, because returning Peoples to the sheriff's custody to await resentencing would have been a vain act. *Id*. at ¶ 15. "[M]andamus will not issue to compel a vain act." *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 274, 680 N.E.2d 1238 (1997); *see also State ex rel. Thomas v. Ghee*, 81 Ohio St.3d 191, 192, 690 N.E.2d 6 (1998). An act is in vain when the underlying dispute has become moot, such that relief in

the pending lawsuit would not affect the outcome. *See, e.g., State ex rel. Snider v. Stapleton*, 65 Ohio St.3d 40, 41-42, 600 N.E.2d 240 (1992) (ordering elections official to submit candidate's materials to the board of elections to establish candidate's qualifications for office would be futile because the relevant election was over, rendering the issue of ballot access moot).

{¶ 12} On June 10, 2019, Franklin County Common Pleas Court Judge Daniel Hawkins issued an amended judgment entry in Peoples's criminal case, imposing the correct five-year term for the firearm specification. Granting the writ of mandamus Peoples sought in July 2019 to compel his transfer to the Franklin County jail would therefore do nothing more than require a vain act; because there will not be a sentencing hearing, he would be immediately returned to NEOCC. *See State ex rel. Ellis v. Burnside*, 8th Dist. Cuyahoga No. 103469, 2015-Ohio-5432, ¶ 7 (holding that it would be a vain act to transport an inmate to the county jail when the court of appeals has already determined that he is not entitled to a new sentencing hearing).

{¶ 13} For this reason, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

David A. Peoples, pro se.

Struck, Love, Bojanowski & Acedo, P.L.C., and Timothy J. Bojanowski, for appellee Christopher LaRose.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Bryan B. Lee, Assistant Prosecuting Attorney, for appellee Maryellen O'Shaughnessy.

_____