[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Burkons v. Beachwood*, Slip Opinion No. 2022-Ohio-748.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-748

THE STATE EX REL. BURKONS, APPELLANT, *v.* THE CITY OF BEACHWOOD, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Burkons v. Beachwood*, Slip Opinion No. 2022-Ohio-748.]

*Mandamus—Writ sought to compel city to terminate special prosecutor—Court of appeals' dismissal affirmed because the complaint is moot.*

(No. 2021-0605—Submitted January 25, 2022—Decided March 16, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 110139, 2021-Ohio-950.

_____

**Per Curiam.**

{¶ 1} Appellant, Mike Burkons, appeals the judgment of the Eighth District Court of Appeals dismissing his complaint for a writ of mandamus to compel appellee the city of Beachwood, to terminate special prosecutor Stephanie Scalise.

We affirm the judgment of the court of appeals because Burkons's complaint is moot.

## I. Background

{¶ 2} Burkons is a Beachwood resident and taxpayer and an elected member of the Beachwood City Council. In September 2020, Burkons was named as the defendant in a criminal case in Shaker Heights Municipal Court. He was charged with one count of interfering with civil rights, in violation of R.C. 2921.45.

{¶ 3} On the same day that the criminal case was filed, City Prosecutor Nathalie E. Supler filed a motion for leave to withdraw as counsel, citing a conflict of interest because Burkons was a city-council member. The motion asked the trial court to appoint Stephanie Scalise, University Heights prosecutor, as special prosecutor in the case. The municipal-court judge granted the motion. The judge then transferred the case to Chardon Municipal Court.

{¶ 4} Under the Beachwood city charter, the law director heads the department of law and serves as general legal counsel for the city and its officials, boards, and employees. Beachwood City Charter, Article V, Sections 2.1 and 2.3. The law director, or the law director's designated assistant, acts as the city's prosecuting attorney in the municipal court. *Id.* at Section 2.3. And the law director performs all the duties of the office under the charter "unless otherwise provided by Ordinance by Council." *Id.*

{¶ 5} On October 22, 2020, Burkons, through his counsel, served a written demand on Beachwood's law director, asking that she "immediately seek an injunction against or otherwise terminate 'special prosecutor' Stephanie Scalise's unauthorized representation of the City in the criminal prosecution she has instituted against Burkons currently pending in the Chardon Municipal Court."[1] Burkons's

---

1. Burkons's attorney wrote in his demand letter that Scalise "instituted" the case against Burkons because, in the motion to appoint Scalise as special prosecutor, the city indicated that it had hired

demand was based on the undisputed fact that the city council had not adopted an ordinance appointing Scalise as special counsel. The demand letter indicated that if the law director took no action, then Burkons would have the right to file a taxpayer action to compel Scalise's removal.

{¶ 6} The city responded on November 2, writing that Burkons's allegations against the city and its law director "are without merit and any Taxpayer Action is without legal or factual basis." Burkons sent a demand letter on November 19. Burkons sent additional demand letters, dated November 30 and December 4, to the mayor of Beachwood and the other members of the city council.

{¶ 7} Meanwhile, Burkons filed a motion to dismiss the criminal charge in the Chardon Municipal Court, arguing that, pursuant to R.C. 1901.20, a municipal court has subject-matter jurisdiction over only those crimes committed within its territory. After the municipal court denied the motion to dismiss, Burkons sought a writ of prohibition to prevent further proceedings in the Eleventh District Court of Appeals. On December 4, 2020, the court of appeals granted an alternative writ of prohibition.

{¶ 8} On December 8, Burkons filed a complaint in mandamus against the city of Beachwood in the Eighth District. He asked the court to compel "the City, through its Mayor and Council, to terminate Stephanie Scalise's unauthorized representation of the City as described above." The city filed a Civ.R. 12(B)(6) motion to dismiss, primarily arguing that Scalise had been appointed by the Shaker Heights Municipal Court, and that the city had no legal authority to override or vacate that appointment.

{¶ 9} On March 22, 2021, the Eleventh District issued a writ of prohibition to prevent further proceedings against Burkons in the Chardon Municipal Court case.

---

Scalise to "gather and review all of the relevant evidence" and "review the matter for criminal charges."

*State ex rel. Burkons v. Stupica*, 11th Dist. Geauga No. 2020-G-0274, 2021-Ohio-901, ¶ 4.

**{¶ 10}** Two days later, the Eighth District Court of Appeals issued its decision in this case: it granted the city's motion to dismiss the mandamus action. 2021-Ohio-950, ¶ 1. The court held that mandamus would not lie, because Burkons had an adequate remedy in the ordinary course of the law by which to challenge Scalise's appointment. *Id*. at ¶ 15.

**{¶ 11}** Burkons timely appealed.

## II. Legal analysis

**{¶ 12}** To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. We review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**{¶ 13}** As a general rule, mandamus will not issue when the relator has an adequate remedy in the ordinary course of law.[2] *See, e.g., State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 12. The Eighth District invoked this principle to dismiss Burkons's complaint, concluding that he had an adequate remedy by way of appeal from any conviction to challenge the legitimacy of Scalise's appointment. 2021-Ohio-950, at ¶ 15. Burkons asserts that this was error because he had commenced the mandamus action (at least in part) as a taxpayer action under R.C. 733.59, which permits a taxpayer to file certain suits if the city law director fails upon written request to make the application for an order

---

2. There is an exception to this requirement for cases involving a patent and unambiguous lack of jurisdiction, *see State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, __ Ohio St.3d __, 2021-Ohio-4453, __ N.E.3d __, ¶ 21, but Burkons did not argue that the exception applies in this case.

of injunction to restrain the misapplication of funds of the municipal corporation. We find it unnecessary to decide this question because we resolve this appeal on a different basis.

{¶ 14} Mandamus will not issue to compel a vain act. *State ex rel. Thomas v. Ghee*, 81 Ohio St.3d 191, 192, 690 N.E.2d 6 (1998). An act is in vain when the underlying dispute has become moot, such that relief in the pending lawsuit would not affect the outcome. *See, e.g.*, *State ex rel. Peoples v. O'Shaughnessy*, 165 Ohio St.3d 54, 2021-Ohio-1572, 175 N.E.3d 524, ¶ 12 (holding that a writ of mandamus ordering the transfer of an inmate to the county jail to await a new sentencing hearing would be a vain act because the inmate was not entitled to a new hearing); *State ex rel. Snider v. Stapleton*, 65 Ohio St.3d 40, 41-42, 600 N.E.2d 240 (1992) (holding that ordering candidate to submit materials to the board of elections to establish qualifications for office would be a vain act because the election was over, so the issue of ballot access was moot).

{¶ 15} Burkons commenced this suit to compel the termination of Scalise from her "unauthorized representation" of the city. The October 22, 2020 demand letter to the city makes clear that by "unauthorized representation," Burkons was specifically referring to Scalise's serving as the prosecutor in his municipal-court criminal case. In that letter, Burkons's attorney demanded that the law director terminate Scalise's "unauthorized representation of the City in the criminal prosecution she has instituted against Burkons." "In extraordinary-writ cases, courts are not limited to the facts at the time a proceeding is commenced, but should consider facts at the time it determines whether to grant the writ." *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 11. And as discussed above, two days before the Eighth District dismissed the mandamus complaint, the Eleventh District issued a writ of prohibition halting the criminal case against Burkons based on improper venue. That decision has not been appealed to this court, nor has Burkons given any indication that his criminal

case has been refiled in another jurisdiction. A writ of mandamus removing Scalise from a nonexistent criminal prosecution would be a vain act.

{¶ 16} In his reply brief, Burkons notes that "there is no court order or any act of Beachwood government whatsoever that declares Ms. Scalise's appointment by the Shaker municipal court to be void. There is no guarantee that Burkons or anyone else would not be prosecuted again by Scalise, for whatever alleged crimes, real or imaginary, pursuant to this appointment." Although he does not use this terminology, he appears to suggest that the case is not moot because it is capable of repetition. Burkons's argument is without merit.

{¶ 17} The mootness exception for cases that are capable of repetition, yet evading review applies only in exceptional circumstances, when these two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000). Burkons cannot satisfy the first prong of the test: if he were to be the target of a future prosecution by Scalise, he would have time to seek judicial review. *See State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St.3d 47, 2020-Ohio-354, 146 N.E.3d 573, ¶ 10 (holding that the mootness exception did not apply because the relator failed to show that if the case against him were reinstated, "the duration of the matter would be too short to obtain review of the jurisdiction issue").

{¶ 18} In addition, Burkons has not established that the case is capable of repetition based on Scalise's appointment as prosecutor by the Shaker Heights court. The municipal-court judge ordered that "the above matter is transferred to the docket of University Heights Prosecutor, Stephanie Scalise." The order did not purport to vest Scalise with prosecutorial authority outside of "the above matter," i.e., the criminal case. That case was transferred from Shaker Heights to Chardon and then halted by the Eleventh District. In other words, Scalise received a limited

appointment to prosecute a case that no longer exists. For these reasons, the exception to the mootness doctrine is inapplicable.

### III. Conclusion

{¶ 19} We affirm the court of appeals' dismissal of Burkons's complaint, albeit on a different basis-namely, on the ground of mootness.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DeWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Pattakos Law Firm, L.L.C, Peter Pattakos, and Rachel Hazelet; and Botnick Law Firm, L.L.C, and Robert B. Botnick, for appellant.

Kenneth J. Fisher Co., L.P.A., and Kenneth J. Fisher, for appellee.

————————————