[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, Slip Opinion No. 2022-Ohio-2833.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2833

THE STATE EX REL. GRENDELL, JUDGE, *v.* GEAUGA COUNTY BOARD OF COMMISSIONERS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, Slip Opinion No. 2022-Ohio-2833.]**

*Mandamus—Writ sought to order county board of commissioners to approve judge's application for appointment of counsel to bring a mandamus action to secure payment of court expenses—Once expenses were paid, relief in mandamus action would not affect the outcome—Mandamus will not lie to compel a vain act—Cause dismissed as moot.*

(No. 2021-1159—Submitted June 14, 2022—Decided August 17, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, Timothy J. Grendell, judge of the Geauga County Court of Common Pleas, Probate and Juvenile Divisions, seeks a writ of mandamus against respondents, the Geauga County Board of

Commissioners and Geauga County Prosecutor James R. Flaiz (collectively, "the county"), ordering the county to proceed under R.C. 305.14 with the submission and approval of his application for appointment of counsel. He also has filed a motion for a peremptory writ of mandamus and a motion to strike the county's notice of mootness. We earlier granted an alternative writ, *see* 166 Ohio St.3d 1403, 2022-Ohio-461, 181 N.E.3d 1187, but we now dismiss this case as moot, deny the motion for a peremptory writ as moot, and deny the motion to strike.

## I. BACKGROUND

**{¶ 2}** This case stems from a dispute between Judge Grendell and Charles E. Walder, Geauga County Auditor, over unpaid expenses ("new expenses") authorized by Judge Grendell totaling $19,858.36. This is not the first time that an expense dispute between them has arisen. In *State ex rel. Grendell v. Walder*, 166 Ohio St.3d 533, 2022-Ohio-204, 188 N.E.3d 152, ¶ 1 ("*Grendell I*"), we granted a writ of mandamus ordering Walder to issue warrants on the county treasurer to pay previous expenses that Judge Grendell had authorized.

**{¶ 3}** After Judge Grendell failed to secure payment for the new expenses, he submitted an application to the county requesting the appointment of attorney Stephen Funk—Judge Grendell's appointed counsel in *Grendell I*—to commence another mandamus action against Walder to secure that payment. It is undisputed that the county has not processed the application or responded to Judge Grendell's follow-up emails urging it to do so.

**{¶ 4}** Although Ohio law generally provides that the county prosecutor shall represent a county official in a matter connected with the official's duties, *see* R.C. 309.09(A), Judge Grendell sought the appointment of Funk because he thought that Flaiz's representation would be inadequate. Judge Grendell cites a laundry list of instances in which he and Flaiz have not gotten along and believes there is "no doubt that Flaiz is incapable of providing unbiased legal advice to the [probate and juvenile] court." Flaiz recused himself from *Grendell I*, concluding that a conflict

2

would have arisen had he attempted to represent one county official (Judge Grendell) against another (Walder).

{¶ 5} After Judge Grendell filed his complaint in this case, we announced our decision in *Grendell I*, prompting Judge Grendell to file a motion for a peremptory writ in this case asserting that the decision in *Grendell I* had removed any justification for the county's refusal to approve his application. The county then filed a notice of mootness, stating that in light of *Grendell I*, Walder had authorized payment of the new expenses. The county attached to its notice copies of three checks and an affidavit attesting that Walder had authorized payment. Judge Grendell asks this court to strike the county's notice.

## II. ANALYSIS

### A. *Motion to strike*

{¶ 6} Judge Grendell says that the county's notice of mootness should be stricken because it is not authorized by this court's rules. Rather than filing a notice, Judge Grendell says that the county should have filed a motion under S.Ct.Prac.R. 4.01(A)(1), which provides that "[u]nless otherwise addressed by these rules, an application for an order or other relief shall be made by filing a motion for the order or relief."

{¶ 7} We deny Judge Grendell's motion as futile because the county's evidence and merit brief contain the same materials and arguments that are in its notice. Thus, even if we were to strike the notice, we still would have to grapple with the materials and arguments contained within it by way of the county's evidence and merit brief.

### B. *Mootness*

{¶ 8} The county argues that this case is moot because Judge Grendell already has accomplished what he had hoped to gain from the appointment of Funk as his counsel: Walder's authorization of payment for the new expenses.

**{¶ 9}** "[I]t is the duty of every judicial tribunal to decide actual controversies" and withhold advice upon moot questions. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). When an actual controversy ceases to exist, "this court must dismiss the case as moot." *M.R. v. Niesen*, __ Ohio St.3d __, 2022-Ohio-1130, __ N.E.3d __, ¶ 7. "Mandamus will not issue to compel a vain act." *State ex rel. Burkons v. Beachwood*, __ Ohio St.3d __, 2022-Ohio-748, __ N.E.3d __, ¶ 14. "An act is in vain when the underlying dispute has become moot, such that relief in the pending lawsuit would not affect the outcome." *Id.*

**{¶ 10}** It is true, as Judge Grendell says, that he brought this action to obtain a writ of mandamus ordering the county to approve his application seeking Funk's appointment, not to obtain a writ of mandamus ordering Walder to authorize payment of the new expenses. Even so, Judge Grendell's objective in bringing this action has been effectively achieved: Judge Grendell sought Funk's appointment to commence a mandamus action to secure payment of the new expenses and it is undisputed that Walder has now authorized payment of those expenses. *See State ex rel. Sawyer v. Cendroski*, 118 Ohio St.3d 50, 2008-Ohio-1771, 885 N.E.2d 938, ¶ 8 (dismissing appeal as moot because, "[i]n effect, the objective of [the relator's] mandamus claim has now been achieved"). Given Walder's authorization, a writ of mandamus ordering the county to approve Judge Grendell's application for appointment of counsel would be in vain, for even if Funk were appointed, there would be nothing for him to litigate.

**{¶ 11}** We are unpersuaded by Judge Grendell's counterarguments. First, he argues that the mere fact that Walder authorized payment is not decisive, because, he says, he wrote his complaint in such a way so as to capture other appointment-application disputes that might arise after the complaint's filing. We disagree. Judge Grendell states in his complaint that this action arises from a dispute between himself and Walder over unpaid expenses, that the unpaid expenses totaling $19,858.36 "l[ie] at the heart" of this original action, and that he

submitted an application to the county seeking the appointment of Funk to secure payment of those expenses. Judge Grendell's prayer for relief reinforces these statements: it requests that the county be ordered to proceed with his application seeking Funk's appointment. And contrary to what Judge Grendell argues, *Burkons*, does not stand for the proposition that he may enlarge the scope of his requested relief based on new facts; rather, it observed that in " 'extraordinary-writ cases, courts are not limited to the facts at the time a proceeding is commenced, but should consider facts at the time it determines whether to grant the writ.' " *Id.* at ¶ 15, quoting *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 11.

**{¶ 12}** Second, Judge Grendell says that the mootness doctrine does not apply here because this case is one of those "exceptional" few that are "capable of repetition, yet evading review." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000). To meet the requirements of this exception, Judge Grendell must show that "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.*

**{¶ 13}** Judge Grendell cannot meet the first prong of the test because, were the county to fail to process one of his future appointment applications, he would have time to seek judicial review. *See Burkons* at ¶ 17 (determining that the mootness exception did not apply). Indeed, when disputes have arisen between public officials over the processing (or not) of appointment applications, courts have had sufficient time to review them. *See State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs.*, 70 Ohio St.3d 94, 97-98, 637 N.E.2d 311 (1994); *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.*, 42 Ohio St.3d 164, 166-167, 538 N.E.2d 105 (1989); *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 463-464, 423 N.E.2d 105 (1981).

**{¶ 14}** Our decision in *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, 902 N.E.2d 976, which Judge Grendell relies on, is not to the contrary. There, we concluded that a newspaper company's receipt of records it had requested that were related to a sealed criminal case did not moot its mandamus claim. But we reached that conclusion by analogizing the situation to one involving an order closing a courtroom in a criminal case, an order that often evades review because it " 'usually expires' " before the onset of appellate review. *Id.* at ¶ 12, quoting *State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175, 586 N.E.2d 101 (1992). Nothing about the appointment-application process resembles a courtroom-closure order.

**{¶ 15}** Next, Judge Grendell points to Walder's "power of the purse," saying that Walder authorized payment of the new expenses "solely to derail this Court's review" and that he could frustrate judicial review of a future action like this one by simply doing the same. Judge Grendell further says that given the friction between himself and Walder, disputes like this are bound to arise again.

**{¶ 16}** To begin, it is not obvious how Judge Grendell would incur an injury if Walder were to pay an expense that Judge Grendell might seek reimbursement for in the future. In any event, the larger problem with Judge Grendell's argument is that it ignores the effect of *Grendell I*. After Judge Grendell filed this action, we decided *Grendell I*, in which we clarified the scope of an auditor's duty to authorize payment for court-ordered expenditures and granted a writ of mandamus ordering Walder to authorize payment for expenses that Judge Grendell had determined were properly incurred. Seventeen days after *Grendell I* was handed down, Walder authorized payment of the new expenses. This sequence of events undercuts Judge Grendell's speculation that Walder strategically authorized payment here for no other reason than to frustrate this court's review. A more sensible explanation is that, as the county says, Walder authorized payment in obedience to the order. And now that *Grendell I* has been decided, it is hard to see how, as Judge Grendell

claims, a dispute like this one would be "likely"—not just theoretically possible—to repeat itself.

{¶ 17} Last, Judge Grendell points to what he describes as actual recurrences of the dispute under consideration. In February 2022, after the announcement of *Grendell I*, Walder issued a press release characterizing the decision as a "blank check" for judges and implying that the expenses sought by Judge Grendell in that case were a "wasteful abuse" of taxpayer money. In response to *Grendell I*, Walder created a page on his website titled "Public Transparency" that lists the expenses he has paid to Grendell under protest. The website displays documents containing what Judge Grendell describes as sensitive information, namely, the home addresses of visitation supervisors and business owners who provide services to the Geauga County courts. Concerned that Walder's actions were creating a public spectacle and endangering vendors' private information, Judge Grendell emailed the county with a request for the appointment of counsel to "advise [him] as to how best to protect the Court's reputation in the community, maintain public confidence in the Court amidst the barrage of public disparagement from the County Auditor, administer justice fairly and efficiently, and protect the safety of [the] Court's vendors." Flaiz told Judge Grendell that he would not participate in an application for appointment of counsel because he saw no need for one.

{¶ 18} Although the facts described in the preceding paragraph and this case both share a core feature—that is, a refusal on the part of county officials to appoint counsel for Judge Grendell—Judge Grendell fails to persuasively show that those facts present the "same action" featured here. *Calvary*, 89 Ohio St.3d at 231, 729 N.E.2d 1182. Whereas this case originates from a payment dispute between Judge Grendell and Walder, those "same unique circumstances," *Smith v. Leis*, 111 Ohio St.3d 493, 2006-Ohio-6113, 857 N.E.2d 138, ¶ 15, are not present in the preceding paragraph, *see id*. (concluding that the same-action prong was unmet).

**{¶ 19}** Judge Grendell's passing reference in his reply brief to a pending prohibition action brought against him by Flaiz on behalf of the county commissioners similarly fails. Even if it were proper for this court to take judicial notice of that action, as Judge Grendell says it would be, Judge Grendell has not presented sufficient information about that action to enable this court to conclude that it is the same action as presented here.

**{¶ 20}** At bottom, Judge Grendell must do more than point to a contentious relationship with county officials to meet the requirements of the mootness exception. It follows that we must dismiss this case as moot and deny as moot Judge Grendell's motion for a peremptory writ.

### III. CONCLUSION

**{¶ 21}** We deny Judge Grendell's motion to strike, dismiss this case as moot, and deny as moot his motion for a peremptory writ.

Cause dismissed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Flowers & Grube, Paul W. Flowers, Louis E. Grube, and Melissa A. Ghrist, for relator.

Mazanec, Raskin, & Ryder Co., L.P.A., and Frank H. Scialdone, for respondents.

_____