[Cite as *Craig v. Gilchrist*, 2022-Ohio-4477.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Simone Craig,                                     :

        Plaintiff-Appellee,            :

                           No. 22AP-52
                        (Case No. 17JU-4732)
                              &amp;

v.                                                :       No. 22AP-55
                        (Case No. 17JU-4732)

Terrence Gilchrist,                               :

                           (REGULAR CALENDAR)

        Defendant-Appellant.          :

---

D E C I S I O N

Rendered on December 13, 2022

---

**On brief:** *Kyle B. Keener, Franklin County CSEA*, for appellee.[1]

**On brief:** *Terrence E. Gilchrist*, pro se, for appellant. **Argued:** *Terrence E. Gilchrist.*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

MENTEL, J.

{¶ 1} Defendant-appellant, Terrence Gilchrist, pro se, appeals from a December 21, 2021 judgment entry sentencing him to 12 days in the Franklin County Jail for contempt of court and a January 19, 2022 entry denying his motion for release as moot. For the reasons that follow, we find appellant's appeal is moot as he has already served the 12-day sentence imposed by the trial court.

---

[1] Counsel for appellee waived its right to appear for oral hearing. (July 26, 2022 Notice.)

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   This court set forth the facts and procedural history of this matter in *Craig v. Gilchrist*, 10th Dist. No. 19AP-804, 2021-Ohio-2199 ("*Craig I*") writing:

> Appellant was obligated to pay $204 weekly, plus $50 per week, pursuant to a child support order issued in New Jersey for support of his minor child.[2] Because appellant resides in the state of Ohio, the support order was forwarded to Ohio to be registered for purposes of enforcement. On May 3, 2017, appellant filed a "notice of contest of registration" ("contest"). The magistrate held a hearing on appellant's contest on October 31, 2017. Ultimately, in a judgment entry issued November 6, 2017, the magistrate determined appellant's due process rights were not violated for lack of service and further that appellant failed to meet his burden of proof so as to defeat the registration of the child support order in Ohio. The magistrate overruled appellant's contest and ordered the New Jersey child support order registered in Ohio for enforcement. The trial court adopted the magistrate's decision the same day. Despite having argued at the hearing that his due process rights were violated due to insufficient service, appellant neither filed an objection to the magistrate's decision nor an appeal of the November 6, 2017 judgment entry.
>
> Appellant failed to make any payments of child support and, on September 11, 2018, plaintiff-appellee, Franklin County Child Support Enforcement Agency ("FCCSEA"), filed a motion to have appellant found in contempt for failure to comply with the child support order and to determine and liquidate appellant's child support arrearage. Appellant was personally served by process server with FCCSEA's motion on October 9, 2018. Counsel for appellant filed a request for discovery.
>
> On November 29, 2018, the magistrate held a hearing on FCCSEA's motion. Appellant appeared along with his counsel. Appellant did not testify nor did he raise argument related to service of the registration of the New Jersey order. On December 20, 2018, the magistrate issued a decision finding appellant in contempt and sentencing him to 30 days in the

---

[2] According to a registration statement certified on March 23, 2017 by a records custodian reflected in the registration of foreign order request, appellant's child support obligation is stated to be $204 per week, plus "$50 p/w," which this court will assume means "per week" when comparing the statement to a cost of living adjustment order dated December 15, 2014 that provides appellant is ordered to pay $203 per week, effective December 17, 2014, plus $50 weekly for arrears payback. The record reflects that New Jersey increased appellant's child support obligation in accord with a cost of living adjustment from $203 per week to $204 per week. However, the magistrate stated in findings regarding the contempt proceedings that appellant's weekly obligation was $203 per week as child support.

Franklin County Jail. The magistrate recommended suspending the entire sentence on the condition that appellant purge the contempt by liquidating the support arrearage of $48,246.60 (as of June 30, 2018) at the rate of $50.00 per month, plus processing charge, until arrears are fully liquidated. The magistrate's decision also maintained the order to appear and show cause. The magistrate continued the matter until January 24, 2019 for a review of the purge order before the trial court.[3] The trial court adopted the magistrate's decision the same day. Appellant filed neither an objection to the magistrate's decision nor an appeal of the December 20, 2018 judgment entry.

The record reflects 11 review hearings were held before the trial court for review of appellant's compliance with the purge order found in the December 20, 2018 judgment entry. The record also reflects appellant was placed with the Compass Program ("Compass") to assist him with finding employment.

On June 27, 2019, appellant appeared for a review hearing before the trial court. At the conclusion of the hearing the trial court issued an entry sentencing appellant to serve 3 days and suspending 27 days of the 30-day sentence. The matter was continued for further review before the trial court. No appeal was filed by appellant.

Appellant again appeared before the trial court on August 8, 2019 for a review hearing that concluded with the trial court issuing an entry ordering appellant to serve 5 additional days of the suspended sentence and suspending 22 days of the 30-day sentence. The matter was continued for further review before the trial court. Once again, no appeal was filed by appellant.

Appellant was scheduled to appear for a review hearing before the trial court on October 24, 2019. The record reflects that although the hearing was scheduled for 9:00 a.m., as of 11:00 a.m. appellant had not appeared. The trial court went on the record in the matter at 11:00 a.m. and counsel for FCCSEA requested issuance of a capias to secure appellant's presence. In response, counsel for appellant informed the trial court her client had a medical procedure and was trying to appear. The trial court noted appellant had a habit of appearing at 1:30 p.m. and held the matter open until the afternoon docket in the event he appeared.

---

[3] Appellant signed a waiver of service of summons and notice of hearing for the January 24, 2019 hearing.

Appellant did appear with counsel the same afternoon for the review hearing. According to counsel for FCCSEA, appellant had not made a single payment to FCCSEA and, as of the date of the hearing, arrears totaled $61,056.60. Counsel for appellant stated two payments had been made by appellant since September 17, 2019, one for $10.00 and a second for $50.00; however, both were paid in New Jersey and not the matter at bar. Counsel for appellant suggested there may be confusion on appellant's part as to where his obligation should be paid. Counsel for FCCSEA did not dispute appellant made a $10.00 payment, however, maintained appellant had not made a single payment in Ohio through FCCSEA.

Counsel for FCCSEA also noted appellant was placed in the Compass and several review hearings were held regarding appellant's participation in the program. Transcripts from prior hearings indicate appellant did not work with Compass providers and did not comply with orders from Compass. The trial court inquired as to why appellant was not fully employed despite numerous referrals and an application filed with a temporary agency at the court. Appellant's counsel noted appellant had become a substitute teacher with the Columbus Diocese, but that appellant relied on public transportation which interfered with his ability to work on weekends. The trial court's statements during the hearing reflect the trial court was well acquainted with appellant's case and defenses as to why appellant was not yet gainfully employed were not well taken. Counsel for FCCSEA also stated appellant filed an erroneous entry on September 9, 2019 that had to be vacated by Judge Hawkins.

Ultimately, the trial court issued a judgment entry ordering appellant to serve 10 additional days of the suspended sentence and suspending the remaining 12 days of the 30-day sentence.

*Craig I* at ¶ 2-11

{¶ 3} In *Craig I*, appellant asserted three assignments of error regarding the trial court's initial entry ordering him to serve 10 days in the Franklin County Jail. On June 29, 2021, this court found that appellant's arguments as to sufficiency of service and lack of jurisdiction were without merit, and appellant's remaining arguments on appeal were moot as he had already served the 10-day sentence imposed by the trial court. *Id*. at ¶ 12, 23. Appellant filed an appeal with the Supreme Court of Ohio, which was not accepted for review. *C.S. v. G.T.*, 165 Ohio St.3d 1456, 2021-Ohio-4033 (Nov. 23, 2021).

**{¶ 4}** The trial court set review hearings on October 22, 2020, November 19, 2020, February 2, 2021, June 1, 2021, October 5, 2021, and December 21, 2021. At the December 21, 2021 review hearing, the trial court ordered appellant to serve an additional 12 days in the Franklin County Jail.[4] On December 27, 2021, appellant filed a motion for release. On January 19, 2022, the trial court issued a decision and judgment entry denying appellant's motion as moot as he had already served the 12-day term of incarceration.

**{¶ 5}** On January 19, 2022, appellant filed a notice of appeal from the December 21, 2021 entry that ordered him to serve 12 days in jail for contempt of court. Appellant also filed a notice of appeal from the trial court's January 19, 2022 final judgment entry denying his motion for release as moot. These matters were consolidated on appeal.

## II. ASSIGNMENTS OF ERROR

**{¶ 6}** Appellant assigns the following as trial court error:

> I. As an evasive recurring matter of public importance, the trial court denied the federally mandated due process and equal procedural protection under Title IV-D of the Social Security Act, 45 C.F.R. 303.6(c)(4-5) and O.A.C. 5101:12-50-50(D), in violation of the Due Process and Equal Protection Clauses of the Ohio and U.S. Constitutions.
>
> II. As an evasive recurring matter of public importance, the trial court abused discretion by swerving from the federally mandated procedural due process protections for Title IV-D civil contempt proceedings, under 45 C.F.R. 303.6(c)(4-5) and O.A.C. 5101:12-50-50(D), in violation of the Due Process Clauses of the Ohio and U.S. Constitutions.
>
> III. As a live matter, the trial court committed an unconstitutional partial taking from the child with the imposition of the suspended civil sentence upon the noncustodial parent.
>
> IV. As a live matter, the trial court was without subject matter jurisdiction to infringe upon the fundamental rights of the child and noncustodial parent by interfering with custody with the imposition of the suspended civil sentence, R., 186.
>
> V. The determination of non-compliance with the civil purge conditions was plain reversible error when the proffered evidence revealed compliance.

---

[4] We note that appellant was given five days of jail time credit from July 30, 2021 to August 3, 2021 when he was picked up for a capias in this matter. (Dec. 21, 2021 Jgmt. Entry.)

VI. The purge condition of the continuance order was void, in part, for enjoining future conduct, permitted under the Full Faith and Credit for Child Support Orders Act and 45 C.F.R.

VII. The trial court was divested of jurisdiction while a discretionary appeal regarding the same Title IV-D matter of re-imposing a civil contempt sentence remained before the Supreme Court of Ohio.

VIII. In violation of due process, plain error is evident from the timestamp of electronic filing of the judgment entry and the unverified timestamp of the purge hearing.

IX. Cumulative error by the trial court has prejudiced the Appellant's substantive rights as well as deprived Appellant of fundamentally fair proceedings, from the following errors: defective and imperfect service of process, disability under the Americans with Disabilities Act, 42 U.S.C. 12132 et seq., erroneous adverse inference, denial of full faith and credit of appellate proceedings, improper vacating of a valid order, failure of lifting a capias.

(Sic passim.)

## III.  LEGAL ANALYSIS

### A. Appellant's First through Ninth Assignments of Error

{¶ 7}   Appellant appeals from the trial court's December 21, 2021 entry ordering him to serve 12 days in jail as well as its January 19, 2022 judgment entry denying his motion for release as moot.  In *Craig I*, we set forth the law regarding contempt in Ohio writing:

> " 'Contempt is a disregard of, or disobedience to, an order or command of judicial authority.' " *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 33, quoting *Wesley v. Wesley*, 10th Dist. No. 07AP-206, 2007-Ohio-7006, ¶ 10, citing *Sansom v. Sansom*, 10th Dist. No. 05AP-645, 2006-Ohio-3909. "In a case of civil contempt, '[t]he purpose of sanctions, including punishment, is not for the purpose of punishment, but rather for the purpose of encouraging or coercing a party in violation of the decree to comply with the violated provision of the decree for the benefit of the other party.' " *Id.*, quoting *Williamson v. Cooke*, 10th Dist. No. 05AP-936, 2007-Ohio-493, ¶ 11, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 15 Ohio B. 285, 472 N.E.2d 1085 (1984). " 'Moreover, a sanction for civil contempt must allow the contemptnor [sic] the opportunity to purge himself of the contempt *prior* to imposition of any punishment.' " (Emphasis

> sic.) *Id.*, quoting *Williamson*, citing *O'Brien v. O'Brien*, 5th Dist. No. 2003CA12069, 2004-Ohio-5881. Therefore, so long as the contemnor obeys the trial court's order, "prison sentences are conditional." *Id.*, citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980). When a defendant has made a payment or otherwise purged the contempt, an appeal from the contempt charge is moot. *Id.* at ¶ 34.

*Craig I* at ¶ 21.[5]

{¶ 8} As an initial matter, we must address whether appellant's appeals are moot. The mootness doctrine is rooted the "case" or "controversy" language in Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. *Everhart v. Coschocton Cty. Mem. Hospital*, 10th Dist. No. 21AP-74, 2022-Ohio-629, ¶ 53, citing *Bradley v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-567, 2011-Ohio-1388, ¶ 11, quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). A case is deemed moot if " 'they are or have become fictitious, colorable, hypothetical, academic or dead.  The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' "  (Internal quotations and citations omitted.)  *Everhart* at ¶ 53, quoting *Doran v. Heartland Bank*, 10th Dist. No. 16AP-586, 2018-Ohio-1811, ¶ 12.  It is not the purpose of an appellate court to address purely academic or abstract questions.  *Id.* at ¶ 13, citing *James A. Keller, Inc.* at 791.  We must dismiss an appeal that is moot if it no longer presents

---

[5] In *Craig I,* we set forth the standard of review for a reviewing court when examining a trial court's finding of contempt stating:

> "An appellate court will not reverse a trial court's finding of contempt, including the imposition of penalties, absent an abuse of discretion." *Sansom* at ¶ 30, citing *Byron v. Byron*, 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 15. "An abuse of discretion is more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary." *Id.*, citing *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 75, 780 N.E.2d 186, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "Furthermore, when applying this standard of review, an appellate court may not substitute its judgment for that of the trial court." *Id.*, citing *In re Jane Doe I*, 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181 (1991), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). " '[T]he primary interest involved in a contempt proceeding is the authority and proper functioning of the court, [and therefore] great reliance should be placed upon the discretion of the [court].' " *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, ¶ 29, 3 N.E.3d 179, quoting *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988).

*Craig I* at fn. 7.

a justiciable controversy. *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11.

{¶ 9}   In the case sub judice, appellant has appealed from an entry ordering him to serve 12 days in jail as well as from an entry denying his motion for release from jail.  There is no dispute that appellant has served the entirety of the 12-day term of incarceration. Because appellant has served the entirety of his sentence, we find appellant's appeal is moot.

{¶ 10} Appellant contends that this matter meets the available exceptions to the mootness doctrine. We disagree. This court has recognized two established exceptions to the mootness doctrine, " '(1) an issue that is capable of repetition, yet evades review, or (2) a debatable constitutional question yet to be resolved or issues concerning a matter of great public or general interest.' " *Craig I*, quoting *Rithy Props., Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 20, citing *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 12 (10th Dist.).  Regarding the first exception, the Supreme Court recently wrote, "[t]he mootness exception for cases that are capable of repetition, yet evading review applies only in exceptional circumstances, when these two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  (Internal citations omitted.) *State ex rel. Burkons v. Beachwood*, ___Ohio St.3d___, 2022-Ohio-748, ¶ 17.  Upon review, we are not persuaded that appellant's arguments meet the first exception to the mootness doctrine. As was the case in *Craig I*, "[s]hould appellant be subject to the imposition of more jail time on the remaining days of his suspended 30-day sentence, the circumstances and facts on which a new sentence may be imposed would be different than those forming the basis of appellant's imposed sentence from which he appeals here." *Craig I* at ¶ 27.  *See also Id.*, quoting *Catudal v. Catudal*, 10th Dist. No. 12AP-951, 2013-Ohio-2748, ¶ 25 ("the exception for 'capable of repetition, yet evading review' does not apply here because any new stay will necessarily involve a different set of circumstances and determinations than those forming the basis of the first stay").  While appellant received a new sentence, it was based on different facts and circumstances from *Craig I*.  Accordingly, we find appellant's argument

as to the applicability of the "capable of repetition, yet evades review" exception unpersuasive.

{¶ 11} We are also not persuaded that the second exception regarding matters of "great public or general interest" applies in this case. This court has stated that any circumstance that involves the application of the "general public or general interest" exception tends to fall within the purview of the Supreme Court rather than for an intermediate court such as this one. *Ashley v. Kevin O'Brien & Assoc. Co., L.P.A.*, 10th Dist. No. 20AP-354, 2022-Ohio-24, ¶ 35, citing *Doe v. Upper Arlington Bd. of Edn.*, 10th Dist. No. 21AP-31, 2021-Ohio-3805, ¶ 8. As such, we decline to apply the "great public or general interest" exception in this case. Appellant has also put forth a series of constitutional arguments. As these arguments concern the purge conditions from the December 21 hearing, we find these arguments are moot as appellant has served the entirety of his 12-day sentence in the Franklin County Jail. Arguendo, even if these claims were not moot, appellant failed to raise these arguments before the trial court at the December 21, 2021 hearing or in his December 27, 2021 motion for release. "In general, an appellate court will not consider any error that an appealing party could have called, but did not call, to the trial court's attention at a time when the trial court could have avoided or corrected the error." *State v. Harris*, 10th Dist. No. 08AP-723, 2009-Ohio-1188, ¶ 3, citing *State v. Childs*, 14 Ohio St.2d 56, paragraph three of the syllabus (1968). As such, appellant is raising these arguments for the first time on appeal. *State v. Trewartha*, 10th Dist. No. 05AP-513, 2006-Ohio-5040, ¶ 28, citing *State v. Awan*, 22 Ohio St.3d 120 (1986), paragraph three of the syllabus. As was the case in *Craig I*, appellant's constitutional arguments were not preserved as they were first asserted on appeal, and we decline to address them at this time. *Id.* at ¶ 27.[6]

---

[6] We note that appellant's constitutional arguments are nearly identical to the arguments asserted in *Craig I*. *Compare,* supra, at ¶ 7 *with*:

I.   The Imposition of the Suspended Sentence Has Adverse Collateral Effects That Are Violative of the Takings Clause of the Fifth Amendment of the United States Constitution and That Impair the Fundamental Rights of the Child and Parent to the Care and Support of the Child as well as Infringe Upon the Right of Freedom from State Action That Jeopardizes That Care and Support under the Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, of the Ohio Constitution as well as under the Ninth Amendment of the United States Constitution and Article I, Section 20 of the Ohio Constitution.

{¶ 12} Appellant has also argued the trial court lacks personal jurisdiction in this case. We rejected an analogous argument in *Craig I* writing:

> Here, after holding the October 31, 2017 evidentiary hearing, at which appellant testified, the magistrate rejected appellant's argument that the registration was invalid. The magistrate found appellant's due process rights had not been violated. The magistrate specifically held "[r]espondent did not prove any of the offenses that are listed in [R.C.] 3115.607(A), that would justify not registering New Jersey's child support order for enforcement in the State of Ohio." (Nov. 6, 2017 Mag.'s Decision at 1.) The magistrate's decision reflects her decision to issue an order to "[r]egister New Jersey's child support order in Ohio for enforcement." (Nov. 6, 2017 Mag.'s Decision at 1.) The same day, the trial court adopted the magistrate's decision. Appellant did not file objections to the magistrate's decision. Appellant also did not appeal the trial court's decision adopting the same. R.C. 3115.608 states: "[c]onfirmation of a registered support order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." The New Jersey registered child support order has been confirmed and appellant is now precluded from further contest of the order.

---

A. Substantive Due Process Affords Heightened Protection Against State Action That Infringes Upon Fundamental Rights Secured by the Constitution of the United States.
B. The Rights of the Child and Noncustodial Parent Have Protection under Due Process.
C. The Child Has a Right to the Care and Support from the Noncustodial Parent as well as a Right of Freedom from State Action That Jeopardizes That Care and Support.
D. The Imposition of the Suspended Sentence Had an Adverse Collateral Effect Upon a Source of Income for the Child without Compensation to the Child.
E. The Imposition of the Suspended Sentence Infringed upon Joint Legal Custody and Interfered with Interstate Travel.
F. Fundamental Parental Rights Are Afforded Protection under the Ninth Amendment of the United States Constitution as well as under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.
II. With Applying the Wrong Legal Standard, the Trial Court Erred as a Matter of Law in Imposing the Suspended Sentence When the Defendant Had Substantially Complied with the Purge Conditions Adopted 12/20/2018 and revised 09/09/2019.
A. By Preponderance of the Evidence, There Was Compliance with the Purge Conditions.
B. As a Matter of Law, the Judge Applied the Wrong Standard for the Burden of Proof.
C. The Never-Journalized Oral Order Was Not a Valid Purge Condition.
D. This Is a Live Matter, with a Constitutional Question, Capable of Repetition that Evades Review.
III. Cumulative Error by the Trial Court Infringed Upon Substantive Rights and Prejudiced the Proceedings Thereby Denying Fundamentally Fair Hearings.

(Sic passim.) (Sept. 10, 2020 Appellant's Brief.)

\* \* \*

If we were to analyze the procedural history and facts within the framework appellant urges, we would find the contest filed by appellant on May 3, 2017 did not present any specific affirmative defenses, including insufficiency of service of process or lack of personal jurisdiction, contrary to the mandates of Civ.R. 12(B). Therefore, appellant waived the defense of insufficient service and lack of personal jurisdiction. Civ.R. 12(H). Moreover, appellant filed his contest to defend against the ROFO and had the opportunity to participate in the October 31, 2017 proceedings regarding his contest of the ROFO; therefore, appellant was not deprived of procedural due process by the trial court in registering the ROFO. *See Kvinta* at ¶ 62.

Appellant acknowledges the potential for waiver but asserts his participation in the October 31, 2017 hearing was not a waiver of the defense of insufficiency of service of process. Even assuming, arguendo, it was not, we have held: " 'a defendant is considered to have waived his defense of lack of personal jurisdiction when his conduct does not reflect a *continuing* objection to the power of the court to act over the defendant's person.' " (Emphasis added.) *Harris* at ¶ 10, citing *Nichols, Rogers & Knipper LLP v. Warren*, 2d Dist. No. 18917, 2002-Ohio-107 (Jan. 11, 2002). Appellant did not assert affirmative defenses in accord with Civ.R. 12 when he filed his contest, nor did he continue objections, if any, to sufficiency of service after the magistrate registered the ROFO by filing an objection to the November 6, 2017 magistrate's decision or appealing the trial court's adoption of the same. *See* Loc.R. 32(C) of the Court of Common Pleas of Franklin County, Domestic Relations Division and Juvenile Branch, Civ.R. 12(B)(2) and (B)(5), and 53(D)(3)(b); *See also Lundeen v. Turner*, ___ Ohio St.3d ___, 2021-Ohio-1533, ¶ 22. Thereafter, appellant, through counsel, requested discovery related to FCCSEA's contempt filing, appeared before the trial court for a hearing on FCCSEA's contempt proceeding and appeared before the trial court in numerous review hearings. Not once during appellant's participation in the aforementioned trial court proceedings did he raise argument related to insufficiency of service of process.

*Craig I* at ¶ 19, fn. 6.

{¶ 13} Upon review, even after our ruling in *Craig I*, appellant failed to raise these jurisdictional arguments at any of the review hearings. Accordingly, on the authority of *Craig I*, we find appellant's personal jurisdiction argument without merit.

{¶ 14} Appellant contends that because he filed an appeal to the Supreme Court, the trial court did not have jurisdiction to order him to serve an additional 12 days in the Franklin County Jail.

{¶ 15} Simultaneous with the filing of a notice of appeal, "an appellant may seek an emergency motion for a stay of execution of the contempt punishment." *State ex rel. Hassink v. McFaul*, 8th Dist. No. 77400, 1999 Ohio App. LEXIS 6357 (Dec. 21, 1999), citing R.C. 2705.09; App.R. 7. App.R. 7(A) requires that a request for a stay must be first made with the trial court unless there is a justifiable reason for not doing so. Moreover, R.C. 2705.09 states "[a]ppeal proceedings shall not suspend execution of the order or judgment until the person in contempt files a bond in the court rendering the judgment, or in the court or before the officer making the order, payable to the state, with sureties to the acceptance of the clerk of that court, in an amount fixed by the reviewing court, or a judge thereof, conditioned that if judgment is rendered against such person he will abide by and perform the order or judgment." In the instant case, we rendered our decision in *Craig I* on June 29, 2021. Appellant filed an appeal to the Supreme Court on September 7, 2021. On November 23, 2021, the Supreme Court declined to hear appellant's appeal in the case. *See C.S. v. G.T.*, 165 Ohio St.3d 1456, 2021-Ohio-4033 (Nov. 23, 2021)[7]. Appellant failed to file a motion to stay with any court of the underlying order. While the trial court "lacks jurisdiction to execute a judgment or contempt proceedings regarding the judgment if there is a stay of the judgment pending appeal," there was no stay of the judgment in this case. *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570, 2000-Ohio-248 (2000), citing *In re Kessler*, 90 Ohio App.3d 231 (6th Dist.1993); *see also Curl*, citing *Oatey v. Oatey*, 83 Ohio App.3d 251, 257 (8th Dist.1992) ("the mere filing of a notice of appeal from the order * * * does not divest the * * * court of jurisdiction to enforce an interlocutory or final order pending appeal unless the party is granted a stay of execution of the order." (Emphasis removed.) Absent such a stay, the trial court retains jurisdiction to enforce its orders. Moreover, regardless of whether a stay was in place for the order at issue in *Craig I*, this case concerns two separate orders based on difference facts and circumstances. Accordingly, appellant's argument regarding lack of jurisdiction is without merit.

_____

[7] The Supreme Court denied appellant's motion for reconsideration on February 1, 2022.

{¶ 16} Appellant argues that by filing his motion for release he demonstrated that he had "no intention to acquiesce to imposed civil sentence and preserved the same matters for appellate review." (Appellant's Brief at 65.) Appellant also argues that, during the December 21, 2021 hearing, appellant "requested a stay by asking the Judge for a delay of enforcement while Appellant persisted with seeking employment at the Catholic high school in Jersey City, New Jersey." (Appellant's Brief at 65-66.) We disagree. Appellant failed to file a motion to stay of the trial court proceeding. A vague request to delay reporting in anticipation of a call from a potential employer is not equivalent to filing a motion to stay pending appeal.[8]

## IV. CONCLUSION

{¶ 17} Having overruled deemed appellant's jurisdiction argument and appellant's appeal to be moot, this appeal is dismissed.

*Appeal dismissed.*

KLATT, and SADLER, JJ., concur.

––––––––––––––––––

---

[8] Appellant contends that this court lacks subject matter jurisdiction to interfere with the New Jersey court's reunification therapy. R.C. 2151.23 defines the subject matter jurisdiction of juvenile courts in Ohio. Upon review, we find that this court has jurisdiction on the child support order. While appellant now claims on appeal that New Jersey has exclusive jurisdiction in this matter, counsel for appellant conceded at the October 22, 2020 hearing that "[appellant's] order is enforced here, it's not modifiable by this Court, so he had to pursue modification back in New Jersey, which he did." (Oct. 22, 2020 Hearing at 4.) In *Craig I*, we explained:

> Here, the New Jersey court is the "issuing tribunal," and the state of Ohio, Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is the "registering tribunal." Pursuant to R.C. 3115.603(A), once the New Jersey child support order to which appellant was subject was filed in the Ohio trial court, it was registered. R.C. 3115.605(A) states in relevant part that "[w]hen a support order or income-withholding order issued in another state or a foreign support order is registered, the registering tribunal of this state shall *notify* the nonregistering party. The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order." (Emphasis added.) Therefore, once the New Jersey child support order was registered with the trial court, the trial court was required to notify appellant, the non-registering party. As noted above, the record reveals the trial court notified appellant.

*Craig I* at ¶ 18.